CARY G. PALMER (SBN 186601)
ERIKA BARBARA PICKLES (SBN 215702)
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:(916) 341-0404
Facsimile: (916) 341-0141
E-mail:  *cary.palmer@jacksonlewis.com*
E-mail:  *erika.pickles@jacksonlewis.com*

MICHAEL C. CHRISTMAN (SBN 319758)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO  63141
Telephone:(314) 342-6334
Facsimile: (314) 342-6366
E-mail:  *michael.christman@macys.com*

Attorneys for Defendants
MACY'S WEST STORES, LLC
(f/k/a Macy's West Stores, Inc.) and
MACY'S, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| BRIAN PITMAN, individually, and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., an Ohio Corporation; MACY'S, INC., an unknown entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

1

## <u>TABLE OF CONTENTS</u>

2                                                                              <u>Page</u>

3    STATEMENT OF JURISDICTION ........................................................................... 1

4        A.    The Putative Class Includes At Least 100 Members ............................ 2

5        B.    The Amount in Controversy Exceeds $5,000,000,
              Exclusive of Interest and Costs ............................................................. 2

6
              1.    Minimum Wage Claim ................................................................ 3
7
              2.    Meal Period and Rest Period Claims........................................... 5
8
              3.    Overtime Claim .......................................................................... 9
9
10            4.    Final Pay Claim ....................................................................... 11

11            5.    Wage Statement Claim ............................................................. 12

12            6.    Conclusion ............................................................................... 14

13       C.    Defendants and One or More of the Putative Class Members
              Are Citizens of Different States............................................................ 14

14   REMOVAL IS TIMELY ....................................................................................... 17

15   VENUE.................................................................................................................. 18

16   NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT
     OF CALIFORNIA, FRESNO COUNTY ................................................................ 18
17

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2                                                                           **Page**

3                              FEDERAL CASES

4   *Altamirano v. Shaw Indus., Inc.*,
        No. 13-939, 2013 U.S. Dist. LEXIS 84236
5       (N.D. Cal. June 14, 2013) ...................................................................13

6   *Anderson v. Watt*,
        138 U.S. 694, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) .........................................15
7
    *Arellano v. Wal-Mart Stores, Inc.*,
8       No. 17-5134, 2017 U.S. Dist. LEXIS 150368
        (C.D. Cal. Sept. 14, 2017) ................................................................15
9
    *Arias v. Residence Inn*,
10      936 F. 3d 920 (9th Cir. 2019) .............................................................2

11  *Arreola v. Finish Line*,
        No. 14-3339, 2014 U.S. Dist. LEXIS 170464
12      (N.D. Cal. Dec. 9, 2014)...................................................................4

13  *Baker v. Propak Logistics, Inc.*,
        No. 19-1241, 2019 U.S. Dist. LEXIS 149840
14      (C.D. Cal. Sept. 3, 2019) .................................................................13

15  *Biag v. King George – J&J Worldwide Servs. LLC*,
        No. 20-307, 2020 U.S. Dist. LEXIS 129528
16      (S.D. Cal. July 22, 2020) ...................................................................7

17  *Cabardo v. Patacsil*,
        248 F. Supp. 3d 1002 (E.D. Cal. 2017) .................................................14
18
    *Dart Cherokee Basin Operating Co., LLC v. Owens*,
19      574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) ...............................1, 2, 3

20  *Drumm v. Morningstar, Inc.*,
        695 F.Supp.2d 1014 (N.D. Cal. 2010)....................................................11
21
    *Ehrmann v. Cox Commc'ns, Inc.*,
22      932 F.3d 1223 (9th Cir. 2019)..............................................................15

23  *Ferrell v. Express Check Advance of SC LLC*,
        591 F.3d 698 (4th Cir. 2010) ..............................................................16
24
    *Francisco v. Emeritus Corp.*,
25      No. 17-02871, 2017 U.S. Dist. LEXIS 220843
         (C.D. Cal. July 14, 2017)...................................................................6
26
    *Garnett v. ADT LLC*,
27      74 F. Supp. 3d 1332 (E.D. Cal. 2015) ...................................................14

28  / / /

*Garza v. Brinderson Constructors, Inc.*,
   178 F.Supp.3d 906 (N.D. Cal. 2016)...................................................................7

*Gilbert v. David*,
   235 U.S. 561, 35 S. Ct. 164, 59 L. Ed. 360 (1915) ...........................................14

*Gipson v. Champion Home Builders, Inc.*,
   No. 20-392, 2020 U.S. Dist. LEXIS 127563
   (E.D. Cal. July 20, 2020)......................................................................................7

*Harper v. Charter Commc'ns, LLC*,
   No. 19-00902, 2020 U.S. Dist. LEXIS 33054
   (E.D. Cal. Feb. 26, 2020)......................................................................................6

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) ...............................16

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006)..............................................................................17

*Jordan v. Nationstar Mortg. LLC*,
   781 F.3d 1178 (9th Cir. 2015).............................................................................1

*Kastler v. Oh My Green, Inc.*,
   No. 19-2411, 2019 U.S. Dist. LEXIS 185484
   (N.D. Cal. Oct. 25, 2019) ..............................................................................4, 11

*Kyung Park v. Holder*,
   572 F. 3d 619 (9th Cir. 2009) ............................................................................14

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1886) .............................................................................14

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010)...............................................................................2

*Lucas v. Michael Kors (USA) Inc.*,
   No. 18-1608, 2018 U.S. Dist. LEXIS 78510
   (C.D. Cal. May 9, 2018) .........................................................................4, 13, 14

*Mejia v. Ill. Tool Works Inc.*,
   No. 18-09969, 2019 U.S. Dist. LEXIS 228668
   (C.D. Cal. Dec. 12, 2019) .....................................................................................6

*Monteon v. M.A.C. Cosmetics, Inc.*,
   No. 18-3952, 2018 U.S. Dist. LEXIS 112862
   (C.D. Cal. July 5, 2018)......................................................................................12

*Moore v. Addus Healthcare, Inc.*,
   No. 19-1519, 2019 U.S. Dist. LEXIS 132796
   (N.D. Cal. Aug. 7, 2019) ....................................................................................13

*Moppin v. Los Robles Reg'l Med. Ctr.*,
   No. 15-1551, 2015 U.S. Dist. LEXIS 129574
   (C.D. Cal. Sept. 24, 2015) ..................................................................................13

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

—

*Mortley v. Express Pipe & Supply Co.*,
   No. 17-1938, 2018 U.S. Dist. LEXIS 18761
   (C.D. Cal. Feb. 5, 2018) .................................................................................. 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ....................................................................................... 17

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ......................................................................... 15

*Ramirez v. Carefusion Res., LLC*,
   No. 18-2852, 2019 U.S. Dist. LEXIS 112995
   (S.D. Cal. July 1, 2019) ................................................................................. 16

*Roy v. Scholastic Book Fairs, Inc.*,
   No. 20-2547, 2020 U.S. Dist. LEXIS 91613
   (C.D. Cal. May 26, 2020) .............................................................................. 16

*Rwomwijhu v. SMX, LLC*,
   No. 16-08105, 2017 U.S. Dist. LEXIS 31553
   (C.D. Cal. Mar. 3, 2017) ................................................................................ 13

*Saldana v. Home Depot USA, Inc.*,
   No. 16-484, 2016 U.S. Dist. LEXIS 80064
   (E.D. Cal. June 20, 2016) .............................................................................. 15

*Soliman v. Philip Morris, Inc.*,
   311 F.3d 966 (9th Cir. 2002) ......................................................................... 15

*Soto v. Greif Packaging LLC*,
   No. 17-2104, 2018 U.S. Dist. LEXIS 38439
   (C.D. Cal. Mar. 8, 2018) .................................................................................. 4

*Soto v. Tech Packaging, Inc.*,
   No. 19-1766, 2019 U.S. Dist. LEXIS 208320
   (C.D. Cal. Dec. 3, 2019) ........................................................................... 4, 13

*Zimmerman v. Comcast Corp.*,
   No. 15-8224, 2016 U.S. Dist. LEXIS 162806
   (C.D. Cal. Nov. 22, 2016) ............................................................................. 12

STATE CASES

*Brinker Rest. Corp. v. Superior Court*,
   53 Cal. 4th 1004 (2012) ................................................................................... 6

*Mamika v. Barca*,
   68 Cal. App. 4th 487 (1998) .......................................................................... 11

/ / /

/ / /

/ / //

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1

<b>FEDERAL STATUTES</b>

2

28 U.S.C.

3

§ 84 ............................................................................................. 18

§ 1332 ...................................................................... 2, 14, 16-18

§ 1441 .................................................................................. 15, 18

§ 1446 .............................................................................. 2, 17, 18

§ 1453 .......................................................................... 1, 2, 16, 18

4

5

6

7

Class Action Fairness Act of 2005
Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") ................................... 1, 2, 4, 16

8

<b>STATE STATUTES</b>

9

CAL. CODE CIV. PROC.

10

§ 338 ............................................................................................. 6

§ 340 ........................................................................................... 12

11

12

CAL. LAB. CODE

13

§ 201 ........................................................................................... 11

§ 202 ........................................................................................... 11

§ 203 ........................................................................................... 11

§ 226 ..................................................................................... 12, 13

§ 226.7 .......................................................................................... 6

§ 510 ............................................................................................. 9

§ 1182.12 ...................................................................................... 3

§ 1194 ........................................................................................... 3

§ 1194.2 ........................................................................................ 3

§ 1197 ........................................................................................... 3

14

15

16

17

18

19

20

CAL. BUS. & PROF. CODE

21

§ 17200 *et seq.* ............................................................................ 3

22

23

24

25

26

27

28

v

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2   **EASTERN DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE that Defendants Macy's West Stores, LLC f/k/a
4   Macy's West Stores, Inc. ("MWS") and Macy's, Inc. (collectively, "Defendants")
5   hereby remove this case from the Superior Court of California for the County of
6   Fresno to the United States District Court for the Eastern District of California.
7   Defendants submit this Notice of Removal without waiving any defenses to the
8   claims asserted by Plaintiff Brian Pitman ("Plaintiff") and without conceding
9   Plaintiff has pled claims upon which relief can be granted. In support of removal,
10  Defendants state as follows:

11  <u>**STATEMENT OF JURISDICTION**</u>

12      On June 4, 2020, Plaintiff filed a putative Class Action Complaint
13  ("Complaint") against Defendants in the Superior Court of California, County of
14  Fresno, Case No. 20CECG01623 (the "State Court Action"). A true and correct
15  copy of Plaintiff's Complaint is attached as <u>Exhibit A</u>. Plaintiff did not serve
16  Defendants until August 5, 2020. On September 2, 2020, Defendants filed their
17  Answer to Plaintiff's Complaint. A true and correct copy of Defendants' Answer is
18  attached as <u>Exhibit B</u>. Copies of all other pleadings and papers Defendants are
19  aware of having been filed in the State Court Action are collected and attached as
20  <u>Exhibit C</u>.

21      This case is removable under 28 U.S.C. § 1453(b) because it meets the
22  requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2,
23  119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA").
24  There is no presumption against the removal of cases that are removed under
25  CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89,
26  135 S. Ct. 547, 190 L. Ed. 2d 495 (2014); *Jordan v. Nationstar Mortg. LLC*,
27  781 F.3d 1178, 1183-84 (9th Cir. 2015). On the contrary, courts are required to
28  interpret CAFA's provisions broadly in favor of removal. *Jordan*, 781 F.3d at 1184.

A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83-87.

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more putative class members is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453(b), which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446.

**A.      The Putative Class Includes At Least 100 Members**

Plaintiff purports to bring this action on behalf of himself and a putative class of all of Defendants' exempt managers in California. <u>Ex. A, Complaint, p. 8, ¶ 26</u>. Plaintiff's Complaint alleges that the putative class is comprised of "at least one thousand employees." <u>*Id.* at p. 9, ¶ 29</u>. Furthermore, as shown below, the number of putative class members easily exceeds CAFA's 100-member requirement. Accordingly, this requirement is satisfied.

**B.      The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs**

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83. The removing defendant may rely on reasonable assumptions in estimating the amount in controversy. *Arias v. Residence Inn*, 936 F. 3d 920, 922 (9th Cir. 2019). An assumption may be reasonable if it is based on the allegations in the complaint. *Id.* at 925. However, the assumptions "need not be proven." *Id.* at 927. The defendant is not required to "prove it actually violated the law at the assumed rate." *Id.* Whereas here, the

Complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

Plaintiff alleges class claims for, *inter alia*, failure to pay minimum wages, failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay all wages due upon separation of employment, failure to provide accurate itemized wage statements, and violation of the Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200 *et seq.*) ("UCL"). Ex. A, Complaint. As shown below, the amount placed in controversy by virtue of Plaintiff's class-based claims exceeds $5,000,000, exclusive of interest and costs.[1]

**1.    Minimum Wage Claim**

Labor Code section 1197 states that the minimum wage is that set by any applicable state or local law. CAL. LAB. CODE § 1197. Labor Code section 1182.12(b)(1) sets the minimum statewide wage. *Id.* at § 1182.12. In 2017, the statewide minimum wage was $10.50 per hour. *Id.* Labor Code section 1194(a) states that any employee receiving less than the legal minimum wage is entitled to recover the unpaid balance of the full amount of the minimum wage and liquidated damages in an amount equal to the wages unlawfully unpaid. *Id.* at §§ 1194(a), 1194.2(a).

Plaintiff's minimum wage claim is pled on behalf of all putative class members. Ex. A, Complaint, p. 12, ¶¶ 37-39. Plaintiff alleges that Defendants had "policies and practices of failing to pay Plaintiff and the Class Members for all hours worked" including regular time. *Id. at ¶ 37*. Plaintiff further alleges

---

[1] Defendants generally deny the allegations set forth by Plaintiff in the Complaint and deny Plaintiff or any putative class members are entitled to any compensatory or statutory damages, penalties, injunctive relief, equitable relief, declaratory relief, restitution, attorneys' fees, or any other relief. Defendants also deny this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

that Defendants have a "consistent policy of failing to pay Class Member misclassified exempt hourly managers for all hours worked" including regular time. *Id.* at p. 2, ¶ 3(a).

For the purpose of determining the amount in controversy, courts have held that an allegation of a "consistent" policy or practice warrants the assumption of at least one unpaid hour per employee per week for minimum wage and overtime claims. *Soto v. Greif Packaging LLC*, No. 17-2104, 2018 U.S. Dist. LEXIS 38439, *10 (C.D. Cal. Mar. 8, 2018); *Arreola v. Finish Line*, No. 14-3339, 2014 U.S. Dist. LEXIS 170464, *13-14 (N.D. Cal. Dec. 9, 2014); *Lucas v. Michael Kors (USA) Inc.*, No. 18-1608, 2018 U.S. Dist. LEXIS 78510, *16-18 (C.D. Cal. May 9, 2018). *See also Soto v. Tech Packaging, Inc.*, No. 19-1766, 2019 U.S. Dist. LEXIS 208320, *13-16 (C.D. Cal. Dec. 3, 2019); *Kastler v. Oh My Green, Inc.*, No. 19-2411, 2019 U.S. Dist. LEXIS 185484, *12 (N.D. Cal. Oct. 25, 2019).

Based on MWS's records, there are at least 750 full-time exempt "managers" in California who each were hired by MWS more than three years before the Complaint was filed, employed by MWS throughout the three-year period, and still employed by MWS at the time the Complaint was filed. Assuming for removal purposes that each manager is owed the minimum wage ($10.50 per hour) for one hour per week along with liquidated damages for each allegedly unpaid hour per week for only 80% (125 weeks) of the three-year period (156 weeks) before the Complaint was filed, the amount in controversy for those putative class members for this claim is at least $1,968,750 ((750 x $10.50 per hour minimum wage x 125 weeks) + (750 x $10.50 liquidated damages x 125 weeks)).

Based on MWS's records, there are at least 80 additional full-time exempt "managers" in California who each were hired by MWS more than three years before the Complaint was filed and whose employment with MWS ended on February 7, 2020. Assuming for removal purposes that each manager is owed the minimum wage ($10.50 per hour) for one hour per week along with liquidated

1 damages for each allegedly unpaid hour per week for only 80% (112 weeks) of the

2 period June 4, 2017 – February 7, 2020 (140 weeks), the amount in controversy for

3 those putative class members is at least $188,160 ((80 x $10.50 per hour minimum

4 wage x 112 weeks) + (80 x $10.50 liquidated damages x 112 weeks)).

5 Based on MWS's records, there are at least 70 additional full-time exempt

6 "managers" in California who each were hired by MWS more than three years

7 before the Complaint was filed and whose employment with MWS ended on

8 January 31, 2018. Assuming for removal purposes that each manager is owed the

9 minimum wage ($10.50 per hour) for one hour per week along with liquidated

10 damages for each allegedly unpaid hour per week for only 80% (27 weeks) of the

11 period June 4, 2017 – January 31, 2018 (34 weeks), the amount in controversy for

12 those putative class members is at least $39,690 ((70 x $10.50 per hour minimum

13 wage x 27 weeks) + (70 x $10.50 liquidated damages x 27 weeks)).

14 Based on MWS's records, there are at least 700 additional full-time exempt

15 "managers" in California who are not included in the three groups listed above and

16 who were employed by MWS for, collectively, at least 52,000 weeks during the

17 period June 4, 2017 – June 4, 2020. Assuming for removal purposes that each

18 manager is owed the minimum wage ($10.50 per hour) for one hour per week

19 along with liquidated damages for each allegedly unpaid hour per week for 80%

20 (41,600 weeks) of those collective 52,000 weeks, the amount in controversy for

21 those putative class members is at least $873,600 ((41,600 weeks x $10.50 per hour

22 minimum wage) + (41,600 weeks x $10.50 liquidated damages)).

23 As the foregoing shows, the amount in controversy for Plaintiff's minimum

24 wage claim is at least **$3,070,200** ($1,968,750 + $188,160 + $39,690 + $873,600).

25 ## 2. Meal Period and Rest Period Claims

26 Under California law, a non-exempt employee is entitled to one 30-minute

27 meal period after 5 hours of work and a second 30-minute meal period after

28 / / /

10 hours of work. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1049 (2012). Similarly, a non-exempt employee is entitled to one 10-minute rest period for a shift of 3.50 hours – 6 hours, two 10-minute rest periods for a shift of 6.01 hours – 10 hours, three 10-minute rest periods for a shift of 10.01 hours – 14 hours, and so on. *Id.* at 1029.

An employee is entitled to a premium equal to one additional hour of pay at the employee's regular rate of compensation for each workday that a meal period or rest period is not provided. CAL. LAB. CODE § 226.7(c). The relevant period for calculating the amount in controversy for these claims is three years because the statute of limitations for both a meal period claim and a rest period claim is three years (CAL. CODE CIV. PROC. § 338(a)) and premium pay for meal periods and rest periods is not recoverable under the UCL. *Harper v. Charter Commc'ns, LLC*, No. 19-00902, 2020 U.S. Dist. LEXIS 33054, *7-11 (E.D. Cal. Feb. 26, 2020); *Mejia v. Ill. Tool Works Inc.*, No. 18-09969, 2019 U.S. Dist. LEXIS 228668, *39-41 (C.D. Cal. Dec. 12, 2019); *Francisco v. Emeritus Corp.*, No. 17-02871, 2017 U.S. Dist. LEXIS 220843, *10-12 (C.D. Cal. July 14, 2017).

Plaintiff's Complaint alleges that Defendants had a "policy and practice of failing to provide lawful duty-free meal periods" to Plaintiff and other Class Members. Ex. A, Complaint, p. 14, ¶ 47. Plaintiff's Complaint further alleges that Defendants failed to compensate Plaintiff and the Class Members "one hour's wages in lieu of meal periods." *Id.* at p. 14, ¶ 48.

Plaintiff's Complaint further alleges that "Defendants had a policy and practice of failing to authorize and permit lawful duty-free rest periods" to Plaintiff and other Class Members. *Id.* at p. 15, ¶ 53. Plaintiff's Complaint further alleges that Defendants failed to compensate Plaintiff and the Class Members "one hour's wages in lieu of rest periods." *Id.* at p. 15, ¶ 54.

For the purpose of determining the amount in controversy, courts have held that an allegation of a "policy and practice" warrants the assumption of at least

6

one alleged meal period violation or rest period violation per week. *Gipson v. Champion Home Builders, Inc.*, No. 20-392, 2020 U.S. Dist. LEXIS 127563, *15-19 (E.D. Cal. July 20, 2020); *Biag v. King George – J&J Worldwide Servs. LLC*, No. 20-307, 2020 U.S. Dist. LEXIS 129528, *21-22 (S.D. Cal. July 22, 2020); *Mortley v. Express Pipe & Supply Co.*, No. 17-1938, 2018 U.S. Dist. LEXIS 18761, *9-12 (C.D. Cal. Feb. 5, 2018); *Garza v. Brinderson Constructors, Inc.*, 178 F.Supp.3d 906, 912 (N.D. Cal. 2016).

As noted above, based on MWS's records, there are at least 750 exempt full-time "managers" in California who each were hired by MWS more than three years before the Complaint was filed, employed by MWS throughout the three-year period, and still employed by MWS at the time the Complaint was filed. Assuming for removal purposes that each manager's regular rate of compensation is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour) and that each manager suffered one meal period violation and one rest period violation per week for only 80% (125 weeks) of the three-year period (156 weeks) before the Complaint was filed, for those putative class members the amount in controversy for the meal period claim would be at least $984,375 (750 x $10.50 per hour x 125 weeks) and the amount in controversy for the rest period claim would be at least $984,375 (750 x $10.50 per hour x 125 weeks).

As noted above, based on MWS's records, there are at least 80 additional full-time exempt "managers" in California who were hired by MWS more than three years before the Complaint was filed and whose employment with MWS ended on February 7, 2020. Assuming for removal purposes that each manager's regular rate of compensation is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour) and that each manager suffered one meal period violation and one rest period violation per week for only 80% (112 weeks) of the period June 4, 2017 – February 7, 2020 (140 weeks), for those putative class members the amount in controversy for the meal period claim would be at least

7

1    $94,080 (80 x $10.50 per hour x 112 weeks) and the amount in controversy for the

2    rest period claim would be $94,080 (80 x $10.50 per hour x 112 weeks).

3          As noted above, based on MWS's records, there are at least 70 additional

4    full-time exempt "managers" in California who were hired by MWS more than

5    three years before the Complaint was filed and whose employment with MWS

6    ended on January 31, 2018. Assuming for removal purposes that each manager's

7    regular rate of compensation would be the minimum hourly wage in California as

8    of January 1, 2017 ($10.50 per hour) and that each manager suffered one meal

9    period violation and one rest period violation per week for only 80% (27 weeks) of

10   the period June 4, 2017 – January 31, 2018 (34 weeks), for those putative class

11   members the amount in controversy for the meal period claim would be at least

12   $19,845 (70 x $10.50 per hour x 27 weeks) and the amount in controversy for the

13   rest period claim would be at least $19,845 (70 x $10.50 per hour x 27 weeks).

14         As noted above, based on MWS's records, there are at least 700 additional

15   full-time exempt "managers" in California who are not included in the three groups

16   listed above and who were employed by MWS for, collectively, at least 52,000

17   weeks during the period June 4, 2017 – June 4, 2020. Assuming for removal

18   purposes that each manager's regular rate of compensation would be the minimum

19   hourly wage in California as of January 1, 2017 ($10.50 per hour) and that each

20   manager suffered one meal period violation and one rest period violation per week

21   for only 80% (41,600 weeks) of those collective 52,000 weeks, for those putative

22   class members the amount in controversy for the meal period claim would be at

23   least $436,800 (41,600 x $10.50 per hour) and the amount in controversy for the

24   rest period claim would be at least $436,800 (41,600 x $10.50 per hour).

25         As the foregoing shows, the amount in controversy for Plaintiff's meal period

26   claim is at least **$1,535,100** ($984,375 + $94,080 + $19,845 + $436,800), and the

27   amount in controversy for Plaintiff's rest period claim is at least **$1,535,100**

28   ($984,375 + $94,080 + $19,845 + $436,800).

### 3.   Overtime Claim

Under California law, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek is required to be compensated at the rate of no less than 1.5 times the employee's regular rate of pay. CAL. LAB. CODE § 510(a). Plaintiff alleges that Defendants misclassified Plaintiff and the Class Members as exempt employees and failed to pay them overtime. Ex. A, Complaint, pp. 2, 12-13, ¶¶ 2, 41-43. Plaintiff further alleges that Defendants had "policies and practices of failing to pay Plaintiff and the Class Members for all hours worked" including overtime. *Id.* at p. 12, ¶ 37. Plaintiff further alleges that Defendants have a "consistent policy of failing to pay Class Member misclassified exempt hourly managers for all hours worked" including overtime. *Id.* at p. 2, ¶ 3(a).

As noted above, for the purpose of determining the amount in controversy, courts have held that an allegation of a "consistent" policy or practice warrants the assumption of at least one unpaid hour per employee per week for overtime claims. *See id.* at p. 5.

As noted above, based on MWS's records, there are at least 750 full-time exempt "managers" in California who each were hired by MWS more than three years before the Complaint was filed, employed by MWS throughout the three-year period, and still employed by MWS at the time the Complaint was filed. Assuming for removal purposes that each manager's regular rate of pay is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour), and assuming for removal purposes that each manager is owed one hour of overtime per week for only 80% (125 weeks) of the three-year period (156 weeks) before the Complaint was filed, for those putative class members the amount in controversy for the overtime claim is at least $1,476,562.50 (750 x $10.50 per hour x 1.5 x 125 weeks).

/ / /

As noted above, based on MWS's records, there are at least 80 additional full-time exempt "managers" in California who were hired by MWS more than three years before the Complaint was filed and whose employment with MWS ended on February 7, 2020. Assuming for removal purposes that each manager's regular rate of pay is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour), and assuming for removal purposes that each manager is owed one hour of overtime per week for only 80% (112 weeks) of the period June 4, 2017 – February 7, 2020 (140 weeks), for those putative class members the amount in controversy for the overtime claim is at least $141,120 (80 x $10.50 per hour x 1.5 x 112 weeks).

As noted above, based on MWS's records, there are at least 70 additional full-time exempt "managers" in California who were hired more by MWS than three years before the Complaint was filed and whose employment with MWS ended on January 31, 2018. Assuming for removal purposes that each manager's regular rate of pay is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour), and assuming for removal purposes that each manager is owed one hour of overtime per week for only 80% (27 weeks) of the period June 4, 2017 – January 31, 2018 (34 weeks), for those putative class members the amount in controversy for the overtime claim is at least $29,767.50 (70 x $10.50 per hour x 1.5 x 27 weeks).

As noted above, based on MWS's records, there are at least 700 additional full-time exempt "managers" in California who are not included in the three groups listed above and who were employed by MWS for, collectively, at least 52,000 weeks during the period June 4, 2017 – June 4, 2020. Assuming for removal purposes that each manager's regular rate of pay is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour), and assuming for removal purposes that each manager is owed one hour of overtime per week for only 80% (41,600 weeks) of those collective 52,000 weeks, for those putative class members

the amount in controversy for the overtime claim is at least <u>$655,200</u> (41,600 weeks x $10.50 per hour x 1.5).

As the foregoing shows, the amount in controversy for Plaintiff's overtime claim is at least <u>**$2,302,650**</u> ($1,476,562.50 + $141,120 + $29,767.50 + $655,200).

### 4. Final Pay Claim

Labor Code section 203 provides that if an employer fails to pay the wages of an employee in accordance with Labor Code sections 201 and 202, the employee's wages continue as a penalty from the due date at the same rate until paid or an action is commenced, up to a maximum of 30 days. CAL. LAB. CODE § 203(a). The "waiting time penalty" is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998); *Drumm v. Morningstar, Inc.*, 695 F.Supp.2d 1014, 1018 (N.D. Cal. 2010). Waiting time penalty claims have a three-year statute of limitations. CAL. LAB. CODE § 203(b).

Plaintiff's final pay claim is derivative of, *inter alia*, Plaintiff's minimum wage and overtime claims. <u>Ex. A, Complaint, p. 16, ¶ 60</u>. Plaintiff alleges that exempt "managers" employed in California who separated from their employment with Defendants "are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay all legal wages." <u>*Id.* at p. 16, ¶ 61</u>. For waiting time penalty calculations, full-time employees can be presumed to work eight hours per workday. *Kastler v. Oh My Green, Inc.*, No. 19-2411, 2019 U.S. Dist. LEXIS 185484, *10-12, 19-20 (N.D. Cal. Oct. 25, 2019).

According to MWS's records, there are at least 650 full-time exempt "managers" in California who separated from their employment with MWS during the three-year period before the Complaint was filed. The minimum hourly wage in California starting January 1, 2017 was $10.50 per hour. Conservatively assuming for removal purposes that each of those full-time exempt managers in California averaged (as a daily wage) only four hours of pay at the $10.50 per hour minimum

11

1   wage, and because Plaintiff alleges that each separated putative class member
2   is entitled to recover 30 days' wages as a waiting time penalty, the amount
3   in controversy for Plaintiff's waiting time penalty claim is at least **$819,000**
4   (650 x $10.50 per hour x 4 hours per day x 30 days).

5        **5.     Wage Statement Claim**

6        Labor Code section 226 requires employers to provide wage statements
7   to employees containing certain items identified in the statute. CAL. LAB. CODE
8   § 226(a). Section 226 allows an employee who prevails on a wage statement claim
9   to recover the greater of all actual damages or statutory penalties. *Id.* at § 226(e).
10  Regarding statutory penalties, employees suffering injury resulting from a knowing
11  and intentional failure to comply with section 226(a) are entitled to $50 for the
12  initial violation and $100 for each subsequent violation, not to exceed a maximum
13  of $4,000. *Id.*

14       Plaintiff seeks to recover penalties under Labor Code section 226(e).
15  Ex. A, Complaint, p. 18, ¶¶ 69-70. The statute of limitations on penalty claims
16  under Labor Code section 226(e) is one year. CAL. CODE CIV. PROC. § 340(a);
17  *Monteon v. M.A.C. Cosmetics, Inc.*, No. 18-3952, 2018 U.S. Dist. LEXIS 112862,
18  *7 (C.D. Cal. July 5, 2018) ("The statute of limitations for penalties under
19  section 226(e)(1) is one year."); *Zimmerman v. Comcast Corp.*, No. 15-8224,
20  2016 U.S. Dist. LEXIS 162806, *32-33 (C.D. Cal. Nov. 22, 2016).

21       Plaintiff's Complaint alleges that "Defendants have knowingly and
22  intentionally failed to comply with Labor Code § 226(a) on each and every wage
23  statement that should have been provided to Plaintiff and the Class Members."
24  Ex. A, Complaint, p. 17, ¶ 64. Plaintiff's Complaint further alleges that "[t]he
25  entitlement of Plaintiff and the Class is to receive Wage Statements that accurately
26  list the total amount of wages earned and deductions from wages as reflected on
27  wage statements, and Plaintiff and the Class have thereby been injured by the
28  Defendants' failure to report the total amount of wages earned during each pay

period on each paycheck stub. All Class Members have been similarly injured." *Id.* at pp. 17-18, ¶ 67.

Plaintiff's allegation that the putative class members never received any compliant wage statements supports the use of a 100% violation rate for that claim for removal purposes. *Baker v. Propak Logistics, Inc.*, No. 19-1241, 2019 U.S. Dist. LEXIS 149840, *12 (C.D. Cal. Sept. 3, 2019) ("[C]ase law supports an assumption that all implicated wage statements are inaccurate where . . . Plaintiff makes broad allegations of systematic violations"); *Rwomwijhu v. SMX, LLC*, No. 16-08105, 2017 U.S. Dist. LEXIS 31553, *13-14 (C.D. Cal. Mar. 3, 2017) (holding allegation that "[n]one of the wage statements provided to Plaintiff and Class Members" were accurate "supports a 100% violation rate" for removal purposes); *Soto,* 2019 U.S. Dist. LEXIS 208320 at *20-21 (approving 100% violation rate based on allegations of universal wage statement violations); *Moore v. Addus Healthcare, Inc.*, No. 19-1519, 2019 U.S. Dist. LEXIS 132796, *15 (N.D. Cal. Aug. 7, 2019) (same); *Lucas v. Michael Kors (USA) Inc.*, No. 18-1608, 2018 U.S. Dist. LEXIS 78510, *24-26 (C.D. Cal. May 9, 2018) (same); *Moppin v. Los Robles Reg'l Med. Ctr.*, No. 15-1551, 2015 U.S. Dist. LEXIS 129574, *9 (C.D. Cal. Sept. 24, 2015) (same); *Altamirano v. Shaw Indus., Inc.*, No. 13-939, 2013 U.S. Dist. LEXIS 84236, *31-33 (N.D. Cal. June 14, 2013) (same).

Plaintiff and other exempt employees of MWS in California receive wages and wage statements twice per month. During the one-year period before the filing of the Complaint, 1,182 full-time exempt "managers" employed by MWS in California collectively received 21,295 wage statements. None of those 1,182 managers received more than 24 wage statements during that one-year period.

Assuming the statutory penalty under Labor Code section 226(e) for each alleged weekly wage statement violation is $50 for the first pay period in which a violation occurs and $100 for each subsequent pay period in which a violation

13

occurs (*see Lucas*, 2018 U.S. Dist. LEXIS 78510 at *23-24; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334-36 (E.D. Cal. 2015); *Cabardo v. Patacsil*, 248 F. Supp. 3d 1002, 1012-13 (E.D. Cal. 2017)), and assuming a 100% violation rate, the amount in controversy for Plaintiff's wage statement claim is at least **$2,070,400** ((1,182 initial wage statements x $50 = $59,100) + (20,113 subsequent wage statements x $100 = $2,011,300)).

### 6.   Conclusion

As the foregoing shows, and without conceding or admitting to the underlying merit of Plaintiff's claims, the aggregate amount in controversy for Plaintiff's putative class claims is at least **$11,332,450** ($3,070,200 + $1,535,100 + $1,535,100 + $2,302,650 + $819,000 + $2,070,400) and thus easily exceeds the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction.

## C.   Defendants and One or More of the Putative Class Members Are Citizens of Different States

An individual person's citizenship is established by where that person is domiciled. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1886). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F. 3d 619, 625 (9th Cir. 2009) (citing *Lew*, 797 F. 2d at 750).

/ / /

Plaintiff is a citizen of the State of California. Plaintiff alleges in the Complaint that he is a resident of California who worked for Defendants in California. Ex. A, Complaint, p. 4. Residence is *prima facie* evidence of domicile for the purpose of determining citizenship. *Saldana v. Home Depot USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *5 (E.D. Cal. June 20, 2016); *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134, 2017 U.S. Dist. LEXIS 150368, *9 (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is taken to be his domicil until facts adduced establish the contrary, and a domicil when acquired is presumed to continue until it is shown to have been changed").

Plaintiff is domiciled in California. From September 2017 until January 2019, Plaintiff was employed by MWS at a Macy's retail store in Fresno, California. Plaintiff's federal W-2 Wage and Tax Statements for 2017-2019 list addresses for Plaintiff in Fresno, California and show Plaintiff is domiciled in California. Employment-related correspondence mailed to Plaintiff at his address in Fresno, California in 2018 also shows Plaintiff is domiciled in California. Plaintiff is a citizen of California because he has lived, worked, paid taxes, and remained in California on a permanent or indefinite basis.

Furthermore, Defendants are informed and believe, and on that basis allege, that all purported class members are citizens of California. *See Ehrmann v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). The putative class is defined as "[a]ll current and former managerial employees of Defendants who were employed as managers in the State of California from June 3, 2016 through the date of class certification." Ex. A, Complaint, p. 8, ¶ 26.

For purposes of removing a case from state court to federal court, the citizenship of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

1        For diversity jurisdiction purposes, a corporation is deemed to be a citizen of

2  the state in which it is incorporated as well as the state where it has its principal

3  place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77,

4  92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of

5  business' is best read as referring to the place where a corporation's officers direct,

6  control, and coordinate the corporation's activities. It is the place that Courts of

7  Appeals have called the corporation's 'nerve center.'"); *Roy v. Scholastic Book*

8  *Fairs, Inc.*, No. 20-2547, 2020 U.S. Dist. LEXIS 91613, *6 (C.D. Cal. May 26,

9  2020) (citing *Hertz*).

10        For purposes of removal under CAFA, the citizenship of a limited liability

11  company is analyzed as an "unincorporated association" under 28 U.S.C.

12  § 1332(d)(10). *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704

13  (4th Cir. 2010); *Ramirez v. Carefusion Res., LLC,* No. 18-2852, 2019 U.S. Dist.

14  LEXIS 112995, *4-5 (S.D. Cal. July 1, 2019). CAFA expressly states that "[f]or

15  purposes of this subsection and section 1453, an unincorporated association shall be

16  deemed to be a citizen of the State where it has its principal place of business and

17  the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

18        At the time Plaintiff's employment with MWS ended in January 2019, MWS

19  was a citizen of the State of Ohio because MWS was incorporated under the laws of

20  the State of Ohio and MWS's principal place of business was in Cincinnati, Ohio.

21  After Plaintiff's employment with MWS ended but before Plaintiff filed the State

22  Court Action, MWS converted to a limited liability company. Following its

23  conversion from a corporation to a limited liability company, for removal purposes

24  under CAFA, MWS is now deemed to be a citizen of the State of Ohio and the

25  State of New York because MWS is a limited liability company organized under

26  / / /

27  / / /

28  / / /

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

the laws of the State of Ohio and MWS's principal place of business is located in New York, New York.[2]

At the time Plaintiff's employment with MWS ended in January 2019, Defendant Macy's, Inc. was a citizen of the States of Delaware and Ohio because Macy's, Inc. was incorporated under the laws of the State of Delaware and its principal place of business was located in Cincinnati, Ohio. At the time Plaintiff filed the State Court Action, Macy's, Inc. was a citizen of the States of Delaware and New York because Macy's, Inc. was (and is) incorporated under the laws of the State of Delaware and its principal place of business is located in New York, New York.

There is complete diversity of citizenship in accordance with 28 U.S.C. § 1332 because Defendants are not and were not citizens of California and therefore Defendants are citizens of a State different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2).

## **REMOVAL IS TIMELY**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of Defendants' receipt of the Summons and Complaint. Plaintiff filed the Complaint on June 5, 2020 but did not serve either of the Defendants with a Summons and Complaint until August 5, 2020. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding "the defendant's period for removal will be no less than 30 days from service" and

/ / /

---

[2] Even outside CAFA, MWS would not be a citizen of California. Outside CAFA, MWS would be deemed a citizen of Delaware and New York because (i) MWS's sole owner/member is Macy's Retail Holdings, LLC, (ii) the sole owner/member of Macy's Retail Holdings, LLC is Macy's, Inc., and (iii) as noted herein, Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding, in a non-CAFA case, that a limited liability company is deemed to be a citizen of every state of which its owners/members are citizens).

1  |  "if the complaint is filed in court prior to any service, the removal period runs from
2  |  the service of the summons").

3  |  ### VENUE

4  |      Venue is proper in this district and division because Fresno County Superior
5  |  Court is located within the federal Eastern District of California and this is
6  |  the "district and division embracing the place where such action is pending."
7  |  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2).

8  |  ### NOTICE TO PLAINTIFF AND TO THE
9  |  ### SUPERIOR COURT OF CALIFORNIA, FRESNO COUNTY

10 |      As required by 28 U.S.C. § 1446(d), Defendants will (i) provide prompt
11 |  written notice of the filing of this Notice of Removal of Action to Plaintiff's
12 |  counsel of record and (ii) promptly file this Notice of Removal of Action with the
13 |  Clerk of the Superior Court of California, in and for the County of Fresno.

14 |                                  * * * * *

15 |      WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,
16 |  Defendants remove this case from the Superior Court of California, in and for the
17 |  County of Fresno, to the United States District Court for the Eastern District of
18 |  California.

19 |  Dated:  September 3, 2020                Respectfully Submitted,

20 |                                           JACKSON LEWIS P.C.

21 |

22 |                                           By:  */s/ Erika Barbara Pickles*
23 |                                                Cary G. Palmer
       |                                                Erika Barbara Pickles

24 |                                           Attorneys for Defendants
25 |                                           MACY'S WEST STORES, LLC and
       |                                           MACY'S, INC.

26 |
27 |
28 |

# EXHIBIT A

RICHARD E. QUINTILONE II (SBN 200995)
LAUREL N. HOLMES (SBN 308515)
ALEJANDRO QUINONES (SBN 324244)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE:   (949) 458-9675
FACSIMILE:   (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; LNH@QUINTLAW.COM; AXQ@QUINTLAW.COM

E-FILED
6/4/2020 3:35 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

Attorneys for Plaintiff, BRIAN PITMAN individually, and
on behalf of all employees similarly situated.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO – B.F. SISK COURTHOUSE

| | |
|---|---|
| BRIAN PTIMAN, individually, and on behalf of all employees similarly situated.<br><br>            Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., an Ohio Corporation; MACY'S INC., an unknown entity, and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 20CECG01623<br>**CLASS ACTION**<br>**Assigned for All Purposes to:**<br><br>**Dept.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY WAGES, INCLUDING OVERTIME;**<br>2. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>3. **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>4. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION;**<br>5. **FAILURE TO FURNISH ACCURATE, ITEMIZED WAGE STATEMENTS;**<br>6. **FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY;**<br>7. **FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES; AND**<br>8. **VIOLATIONS OF THE UNFAIR COMPETITION LAW.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BRIAN PTIMAN, on behalf of himself and all others similarly situated, complains of Defendants, and each of them and for causes of action in this Complaint alleges:

## 1. **INTRODUCTION**

1.      This is a class action, pursuant to California <u>Code of Civil Procedure</u> § 382, on behalf of Plaintiff and all misclassified exempt hourly managers employed by, or formerly employed by MACY'S WEST STORES, INC., an Ohio Corporation; MACY'S INC., an unknown entity, and DOES 1 through 100, inclusive, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "MACY'S" or "Defendants"), within the State of California. The misclassified exempt hourly managers employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.      Plaintiff and the Class Members are, and at all times pertinent hereto have been, misclassified as exempt employees within the meaning of the California <u>Labor Code</u> and the implementing rules and regulations of IWC California Wage Orders.  Defendant hires hourly employees who work in misclassified exempt positions in the State of California and misclassified Plaintiff and other as exempt from minimum wages and overtime.

3.      For at least four years prior to the filing of this action and through to the present, Defendants consistently maintained and enforced against Defendants' misclassified exempt hourly managers, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

        (a)      Defendants have had a consistent policy of failing to pay Class Member misclassified exempt hourly managers for all hours worked, whether regular time or overtime, and/or requiring them to work "off the clock" without compensation during the workday and workweek while pressuring them to perform tasks, duties, responsibilities, transferring products from one store to another, bag checks and other tasks;

        (b)      Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the

employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

(c)    Defendants have had a consistent policy of failing to provide Class Members rest periods of at least ten (10) minutes for every shift over three and a half (3.5) hours and/or seven (7) hours worked or a major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(d)    Defendants have consistently denied Class Members the ability to take timely meal and rest breaks or take them at all and have failed to pay the class the premium wages due for these violations;

(e)    Defendants failed to pay Class Member employees all wages due and payable twice each calendar month;

(f)    With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202 and 203; and

(g)    Defendants failed to maintain accurate records of Class Members' earned wages and work periods.

4.    Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to Labor Code §§ 200, 201, 202, 203, 204, 210, 218, 218.6, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1194, 1197, 1199, 2802, and California Code of Regulations, Title 8, section 11050 *et seq.*, seeking unpaid reporting time pay, overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

5.    Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

///

///

-3-

**CLASS ACTION COMPLAINT**

1 | **2.     PARTIES**

2 |     **A.     Plaintiff**

3 |     Plaintiff, BRIAN PTIMAN, was at all relevant times: A resident of the State of California; a

4 | employee of Defendants within the State of California.  He was employed as a misclassified exempt

5 | hourly manager. On information and belief, so were the other Class Members.

6 |     **B.     Defendants**

7 |     6.     MACY'S WEST STORES INC. is an Ohio Corporation, MACY'S, INC., an unknown

8 | entity; and DOES 1 through 100, inclusive, (collectively "DEFENDANTS"), and each of them, own and

9 | operate Macy's retail department stores throughout the United States and California, including in San

10 | Bernardino, Orange, Riverside and other counties throughout California.

11 |     7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

12 | defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore

13 | sue Defendants by such fictitious names under California <u>Code of Civil Procedure</u> § 474.  Plaintiff is

14 | informed and believes, and based thereon alleges, that each of the Defendants designated herein as a

15 | DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek

16 | leave of court to amend this Complaint to reflect the true names and capacities of the defendants

17 | designated hereinafter as DOES when such identities become known.

18 |     8.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

19 | all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

20 | business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally

21 | attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or

22 | joint employer of Plaintiff and the Class Members.

23 |     9.     Venue as to each Defendant is proper in this judicial district, pursuant to California <u>Code</u>

24 | <u>of Civil Procedure</u> § 395. On information and belief, Macy's operates and is doing business as Macy's

25 | throughout California and is doing business in San Bernardino County, and each defendant is within the

26 | jurisdiction of this Court for service of process purposes. Defendants operate at least one store in San

27 | Bernardino County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and

28 |

-4-

**CLASS ACTION COMPLAINT**

1   those similarly situated within the State of California. Defendants employ Class Members in San

2   Bernardino, Orange, Riverside, and other counties throughout California.

3   **3.     FACTUAL BACKGROUND**

4          10.     Mr. Pitman at all times, pertinent hereto, was misclassified as an exempt employee within

5   the meaning of the California <u>Labor Code</u> and the implementing rules and regulations of IWC California

6   Wage Orders. Defendants hire misclassified exempt employees as managers who spend approximately

7   eighty percent (80%) of their time performing non-exempt work in all alleged managerial positions in

8   Macy's locations throughout California.

9          11.     Mr. Pitman was required, per the store policy towards the end of his employment, to be

10  on the floor at least 80% of the time. Mr. Pitman was misclassified as an exempt employee with Macy's

11  as an Executive Merchandise Manager. He spent approximately eighty percent (80%) of his time on the

12  floor, (1) stocking, (2) organizing merchandise, (3) handling shipping, (4) arranging planograms and end

13  caps per corporate requirements, (5) folding linens and towels, all in lieu of performing managerial duties.

14  Plaintiff's duties for the majority of his employment included non-exempt work for more than fifty

15  percent (50%) of his daily time.

16         12.     Mr. Pitman was required to use his personal cell phone in the performance of his daily job

17  duties. This included cell phone calls from other employees and supervisors off-the-clock and the use of

18  three different applications required to be installed on his phone and used at all hours of the day.  The

19  cellular bill and resultant data was used by and to the benefit of Defendant but not reimbursed to Plaintiff

20  in violation of <u>Labor Code</u> § 2802.

21         13.     Macy's employees, including Mr. Pitman, were required to work three (3) six-day work

22  weeks during the busy holiday season.

23         14.     To date, Mr. Pitman has not received his due payments from Macy's in regards to holiday

24  pay, vacation pay, or Paid Time Off ("PTO") in violation of <u>Labor Code</u> § 203.

25         15.     Plaintiff and the Class Members are, and at all times pertinent hereto, have been exempt

26  employees within the meaning of the California <u>Labor Code</u> and the implementing rules and regulations

27  of IWC California Wage Orders. Defendants hire managers who work in exempt, hourly positions in

28

1  Macy's locations throughout California. In Mr. Pitman's case, he was undoubtedly misclassified as an
2  exempt manager.

3      16.    Macy's employs Hourly Employees at each of its California locations, including Plaintiff
4  and other misclassified exempt hourly managers.  All Hourly Employees at Macy's are subject to a
5  common policy regarding meal and rest periods. Macy's uses a common system to track the meal and
6  rest periods of all of its Hourly Employees. Plaintiff and the Defendants' misclassified exempt hourly
7  managers were not provided lawful meal periods, and were not provided with one hour's wages in lieu
8  thereof, in one or more of the following manners:

9          (a)    they were not provided meal periods for work days in excess of five and/or ten
10              hours and were not compensated one hour's wages in lieu thereof, all in violation of,
11              among others, <u>Labor Code</u> §§ 226.7, 512, and applicable Industrial Welfare Commission
12              Wage Orders;
13          (b)    they were required to work through their daily meal period(s), or work an unlawful
14              "on-duty meal period";
15          (c)    they were severely restricted in their ability to take a meal period; and
16          (d)    they were required to "clock out" or "sign out" for a meal period.

17      17.    Plaintiff and the Defendants' misclassified exempt hourly managers were not authorized
18  and permitted to take lawful rest periods, and were not provided with one (1) hour's wages in lieu thereof,
19  in one of more of the following manners:

20          (a)    they were required to work without being provided a minimum ten (10) minute
21              rest period for every three and a half (3.5) hours or major fraction thereof worked
22              and were not compensated one (1) of pay at their regular rate of compensation for
23              each workday that a rest period was not provided; and
24          (b)    they were restricted in their ability to take their full ten (10) minutes net rest time.

25      18.    Plaintiff and the Defendants' misclassified exempt hourly managers were not paid for all
26  hours worked, whether regular time or overtime, and/or were required to work "off the clock" without
27  compensation during the workday and workweek while performing tasks, duties, and responsibilities for
28  compensable hours worked.

19.     Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members Plaintiff seeks to represent:

       (a)     failing to pay wages;

       (b)     failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203 and 204; and

       (c)     failing to maintain accurate records of Class Members' earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) of the applicable IWC Wage Orders.

20.     On information and belief, Plaintiff alleges that he and the Class Members did not waive meal or rest periods during the liability period.  Further, Defendants' actions are willful based on their prior knowledge and resolution of a class action claim on the same subject matter.

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay their employees and Class Members in a timely manner all earned wages. Upon or after termination of their employment, Defendants failed to pay wages owed and penalties due to Class Members for having failed to properly provide rest and meal periods.

22.     At relevant times herein, the named Plaintiff and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

23.     On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

24.     Defendants have made it difficult to account with precision for the unlawfully withheld wages owed to Defendants' misclassified exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method to record all the unlawful deductions as required for exempt employees by California Labor Code §§ 226, 1174(d), and § 7 of the California Wage Orders. Defendants have failed to comply with Labor Code § 226(a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Class Members. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

///

25.     Defendants have failed to comply with § 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

**4.     CLASS ALLEGATIONS**

26.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382. The "Class" or "Class Members" are defined as: **"All current and former managerial employees of Defendants who were employed as managers in the State of California from June 3, 2016 through the date of class certification."** Plaintiff further seeks to represent the following additional Plaintiffs' sub-classes composed of and defined as follows:

(a)     The Minimum Wage Class:  All Class Members who did not receive minimum wages for all hours worked.

(b)     The Overtime Class:  All Class Members who worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but were not paid overtime wages earned for that day or week.

(c)     The Meal Period Class:  All Class Members who have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided with one hour's pay for each day on which such meal period was not provided.

(d)     The Rest Period Class:  All Class Members who have not been authorized and permitted to take a rest period for every three and a half hours or a major fraction thereof worked per day, and were not provided with one hour's pay for each day on which such rest period was not authorized and permitted.

(e)     The Termination Pay Class:  All Class Members who, after their employment terminated or they were otherwise separated from Defendants' employment, were not timely paid all wages earned and owing to them.

(f)   <u>The Wage Statement Class</u>: All Class Members who did not receive an itemized wage statement accurately showing total hours worked, all wages earned and due, the applicable hourly rates in effect and the corresponding hours worked at each hourly rate.

(g)   <u>Expense Reimbursement Class</u>: All Class Members who were not reimbursed for mileage and expenses incurred in the discharge of their duties in connection with Defendants' requirement that they make uncompensated trips to banks and other store locations and perform intra-store transfers.

(h)   <u>The Unfair Competition Class</u>: All Class Members who were subjected to Defendants unlawful, unfair, or fraudulent business practices due to the Defendants' violations of the California <u>Labor Code</u> and California Wage Orders.

27.   Plaintiff reserves the right under <u>Rule</u> 1855(b), California <u>Rules of Court</u>, to amend or modify the definition of the Class or the Plaintiffs' Classes as may be required or otherwise appropriate.

28.   This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> § 382, because there is a well-defined community of interest in the litigation and the proposed Class and Plaintiffs' Classes are easily ascertainable.

**A.   <u>Numerosity</u>**

29.   The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, at least one thousand employees in positions as Defendants' misclassified exempt hourly managers in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

30.   Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

///

///

-9-
**CLASS ACTION COMPLAINT**

**B.**   <u>Commonality</u>

31.   There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    (a)   Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all misclassified exempt hourly managers during the relevant time period for all hours worked, whether regular or overtime;

    (b)   Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, and the IWC Wage Orders, and Cal. Code Regs., by failing to provide a meal period to misclassified exempt hourly managers on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

    (c)   Whether Defendants violated <u>Labor Code</u> §§ 226.7 and the IWC Wage Orders and Cal. Code Regs., by failing to authorize and permit daily ten (10) minute rest periods to misclassified exempt hourly  managers for every 3.5 hours worked and failing to compensate them with one hour's wages in lieu of proper rest periods;

    (d)   Whether Defendants violated §§ 226 and 1174 of the <u>Labor Code</u> and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

    (e)   Whether Defendants violated § 226 of the <u>Labor Code</u> and the IWC Wage Orders by failing to provide accurate itemized wage statements to the Class Members;

    (f)   Whether Defendants violated §§ 201-203 of the <u>Labor Code</u> by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages, expenditures or losses, or reimbursements due and owing at the time that any Class Member's employment with Defendants terminated, voluntarily or involuntarily;

    (g)   Whether Defendants violated § 204 of the <u>Labor Code</u> by failing to pay all wages due and payable twice in each calendar month;

**CLASS ACTION COMPLAINT**

(h) Whether Defendants violated § 17200 *et seq.* of the <u>Business and Professions</u> <u>Code,</u> <u>Labor Code</u> §§ 201, 202, 203, 204, 206, 218, 218.6, 221, 226, 226.7, 351, 510, 512, 1174, 1194, 1199, 2802, and applicable California <u>Code of Regulations,</u> and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(i) Whether Plaintiffs and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

## C. **Typicality**

32. The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

## D. **Adequacy of Representation**

33. Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represent Plaintiff is competent and experienced in litigating large employment class actions.

## E. **Superiority of Class Action**

34. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class and common answers will bind them. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

35. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

///

///

**FIRST CAUSE OF ACTION**

**(FAILURE TO PAY WAGES INCLUDING OVERTIME)**

**[AGAINST ALL DEFENDANTS]**

36.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

37.     On information and belief, Plaintiffs alleges that, Defendants failed to pay all wages owed to Plaintiff and the Class Members, including regular wages and overtime, including by their policies and practices of failing to pay Plaintiff and the Class Members for all hours worked, whether regular time or overtime.

38.     Defendants willfully violated the provisions of the Labor Code, including, but not limited to §§ 510, 1194, the applicable IWC Wage Orders, and California law.

39.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor Standards and Enforcement.

40.     At all times relevant hereto, Labor Code § 510 and applicable IWC Wage Order paragraph (3)(A) also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week. They also provided for payment of overtime premium wages equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh consecutive day of work in a work week.

41.     Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified certain employees' hours, including Plaintiff's, or required Plaintiff and the Class Members to do so, to avoid payment of overtime wages and other benefits in violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and

-12-

**CLASS ACTION COMPLAINT**

Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated misclassified exempt employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock before or after their work shifts or during breaks to complete their daily job duties or to attend and participate in company required activities. Defendants, and each of them, have also intentionally and improperly changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

42.   At all times relevant hereto, from time to time, Plaintiff and the Class members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. During the relevant time period, Plaintiff and the Class members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices. Therefore, Plaintiff and the Class members were not properly paid for all of their hours worked, including for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Labor Code § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable Cal. Code of Regulations sections.

43.   By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Wage Payment Subclass members for both regular time and overtime hours, Plaintiff and the Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the minimum jurisdictional limits of this Court and which will be ascertained according to proof at trial.

44.   Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and all misclassified exempt employees with a conscious disregard of their rights and the consequences to them, with the intent of depriving Plaintiff and the Wage Payment Subclass members of their property and legal rights and otherwise causing them injury.

45.   As a result of the unlawful acts of Defendants, Plaintiff and the Class seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 210

and 1194 (a), as well as the assessment of any statutory penalties against these Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

## SECOND CAUSE OF ACTION

### (FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF)

### [AGAINST ALL DEFENDANTS]

46.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

47.     Defendants had a policy and practice of failing to provide lawful duty-free meal periods due, in part, to the rushed and high pressure working environment fostered by Defendants, for days during the liability period on which misclassified exempt employees work(ed)/work periods in excess of five hours, and Defendants failed to provide compensation in lieu thereof.  Further, Plaintiff's individual claims, not released, extend four years prior to the filing of the Complaint to the present.

48.     By failing to provide meal periods on the days misclassified exempt hourly managers worked periods in excess of five hours, and failing to compensate said employees one hour's wages in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code §§ 226.7 and 512, § 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11040, *et seq*.

49.     Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive meal periods.

50.     By failing to keep adequate records as required by §§ 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due to Plaintiff and Class Members.

51.     As a result of the unlawful acts of Defendants, Plaintiff and the Class Members he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

///

///

### THIRD CAUSE OF ACTION

### (FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF)

### [AGAINST ALL DEFENDANTS]

52.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

53.     Defendants had a policy and practice of failing to authorize and permit lawful duty-free rest periods due, in part, to the rushed and high pressure working environment fostered by Defendants, for days during the liability period on which misclassified exempt hourly managers work(ed)/work periods in excess of three and a half (3.5) hours or a major fraction thereof, and Defendants failed to provide compensation in lieu thereof.  Further, Plaintiff's individual claims, not released, extend four years prior to the filing of the Complaint to the present.

54.     By failing to authorize and permit rest periods on the days misclassified exempt hourly managers worked periods in excess of three and a half (3.5) hours and failing to compensate said employees one hour's wages in lieu of rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code §§ 226.7 and Cal. Code of Regs., Title 8, § 11040(12)(A).

55.     Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive rest periods.

56.     By virtue of the Defendants' unlawful failure to authorize and permit rest periods to Plaintiff and the Class Members, they have suffered, and will continue to suffer damages in amounts which are presently unknown to Plaintiff and the Class Members, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

57.     As a result of the unlawful acts of Defendants, Plaintiff and the Class Members he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

///

///

///

1

**FOURTH CAUSE OF ACTION**

2

**(FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION)**

3

**[AGAINST ALL DEFENDANTS]**

4      58.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth

5  herein.

6      59.     California Labor Code §§ 201 and 202 require Defendants to pay their employees all

7  wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that

8  if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay

9  the subject employees' wages until the back wages are paid in full or an action is commenced. The

10  penalty cannot exceed 30 days of wages.

11      60.     Plaintiff and the Class Members he seeks to represent are entitled to compensation for all

12  forms of wages earned, including, but not limited to, wages earned but not paid, compensation for

13  unprovided rest periods and unprovided meal periods, and/or compensation for unlawful deductions, but

14  to date have not received such compensation, therefore entitling them Labor Code § 203 penalties.

15      61.     More than 30 days have passed since affected Class Members have left Defendants'

16  employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

17  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and certain

18  Class Members who are former employees are entitled to 30 days' wages as a penalty under Labor Code

19  § 203 for failure to pay all legal wages.

20      62.     Plaintiff and these Class Members are also entitled to 30 days' wages as a penalty under

21  Labor Code § 203 for willful failure to pay one hour's wages in lieu thereof for denied rest and meal

22  periods, together with interest thereon and attorneys' fees and costs.

23

**FIFTH CAUSE OF ACTION**

24

**(KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH**

25

**ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS)**

26

**[AGAINST ALL DEFENDANTS]**

27      63.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth

28  herein.

**CLASS ACTION COMPLAINT**

64.     California <u>Labor Code</u> § 226(a) requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the Class Members.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with <u>Labor Code</u> § 226(a) on each and every wage statement that should have been provided to Plaintiff and the Class Members.

65.     California <u>Labor Code</u> § 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees. On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with <u>Labor Code</u> § 1174.  Defendants' failure to comply with <u>Labor Code</u> § 1174 is unlawful pursuant to <u>Labor Code</u> § 1175.

66.     Section 7 of the applicable IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class Members.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with these Wage Orders.

67.     As a result of Defendants' conduct, Plaintiff and the Class have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages for all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. The entitlement of Plaintiff and the Class to is to receive Wage Statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each

1 | paycheck stub. All Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff
2 | and the Class have suffered injury because their legal right to receive accurate wage statements was violated.

3 |      68.    Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment to
4 | wages" to furnish to Plaintiff and the Class "an accurate itemized statement in writing" showing (1) gross
5 | wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any
6 | applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6)
7 | the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last
8 | four digits of his or her social security number or an employee identification number other than a social security
9 | number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in
10 | effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee
11 | pursuant to Labor Code § 226. Defendants knowingly and intentionally failed to provide Plaintiff and the
12 | Class with such timely and accurate wage and hour statements.

13 |      69.    Plaintiff and the Class suffered injury as a result of Defendants' knowing and intentional
14 | failure to provide them with the wage and hour statements as required by law and are presumed to have
15 | suffered injury and entitled to penalties under Labor Code § 226 (e) as the Defendants have failed to
16 | provide a wage statement, failed to provide accurate and complete information as required by any one or
17 | more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and class cannot promptly and
18 | easily determine from the wage statement alone one or more of the following: (i) The amount of the
19 | gross wages or net wages paid to the employee during the pay period or any of the other information
20 | required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and
21 | (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net
22 | wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv)
23 | The name of the employee and only the last four digits of his or her social security number or an employee
24 | identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly
25 | and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily
26 | ascertain the information without reference to other documents or information.

27 |      70.    Plaintiff and the Class are entitled to the amounts provided in Labor Code § 226(e), plus costs
28 | and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**(FAILURE TO PAY WAGES DUE AND PAYABLE TWICE EACH IN EACH CALENDAR MONTH)**

**[AGAINST ALL DEFENDANTS]**

71.      Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

72.      <u>Labor Code</u> § 204 requires that all wages are due and payable twice in each calendar month.

73.      The wages required by the <u>Labor Code</u> § 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

74.      Defendants violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due under the <u>Labor Code</u>.

75.      As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 1194.

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES)**

**[AGAINST ALL DEFENDANTS]**

76.      Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

77.      California <u>Labor Code</u> § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

78.      At all relevant times herein, Defendant violated California <u>Labor Code</u> § 2802, by failing to indemnify and reimburse Plaintiff and the Class Members for required expenses incurred in the discharge of their job duties for Defendant's benefit. Specifically, Defendant failed to reimburse Plaintiff

-19-

**CLASS ACTION COMPLAINT**

1   and the Class Members for the mileage and expenses incurred in connection with Defendant's

2   requirement that they make uncompensated trips to the bank and other store locations, performing intra-

3   store transfers and not receiving mileage expenses for such deposits, trips, driving and deliveries.

4   Defendant's uniform policy, practice and procedure was to not reimburse Plaintiff and the Class Members

5   for mileage or expenses incident to such trips and intra-store transfers for Defendant within the course

6   and scope of their employment for Defendant. These expenses were necessary to complete their principal

7   job duties. Defendant is estopped by Defendant's conduct to assert any waiver of this expectation.

8   Although these expenses were necessary expenses incurred by Plaintiff and the Class Members,

9   Defendant failed to indemnify and reimburse Plaintiff and the Class Members for these expenses as an

10  employer is required to do under the laws and regulations of California.

11         79.    Plaintiff therefore demands reimbursement for the above described expenditures or losses

12  incurred by Plaintiff and the Class Members in the discharge of their job duties for Defendant, or their

13  obedience to the directions of Defendant, with interest at the statutory rate and attorneys' fees and costs

14  as allowed under California Labor Code § 2802.

15                              **EIGHTH CAUSE OF ACTION**

16                       **(VIOLATION OF UNFAIR COMPETITION LAW)**

17                             **[AGAINST ALL DEFENDANTS]**

18         80.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth

19  herein.

20         81.    On information and belief, Plaintiff alleges that Defendants, including by their policy of:

21         (a)    failing to pay all earned wages and premium pay to Plaintiff and Class Members;

22         (b)    failing to provide meal periods and authorize and permit rest periods;

23         (c)    failing to keep proper records;

24         (d)    failing to provide accurate wage statements;

25         (e)    failing to pay employees twice monthly as required by law;

26         (f)    Failing to reimburse necessary expenses; and,

27         (g)    failing to pay employees all wages and compensation due at the termination of

28                their employment,

-20-

**CLASS ACTION COMPLAINT**

(h)     engaged in unlawful activity prohibited by <u>Business and Professions Code</u> § 17200 *et seq.*

82.    The actions of Defendants as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of <u>Business and Professions Code</u> § 17200 *et seq.*

83.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

84.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of the Plaintiff and the Class Members he seeks to represent. Defendants should be enjoined from these activities and restore to Plaintiffs and the Class Members their wrongfully withheld wages pursuant to <u>Business and Professions Code</u> § 17203. Plaintiffs are informed and believe, and thereon allege, that Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the original Complaint and herein. Plaintiff is informed and believes, and based thereon alleges, that Plaintiffs and the Class Members are and have been prejudiced by Defendants' unfair trade practices.

85.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiffs and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

86.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in the Complaints, they will continue to engage in the unlawful conduct as alleged therein, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

///

///

-21-
**CLASS ACTION COMPLAINT**

87.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

## PRAYER

WHEREFORE, PLAINTIFF DEMANDS JURY TRIAL and prays for judgment as follows:

ON THE FIRST CAUSE OF ACTION:

(a)     For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

(b)     For interest on any compensatory damages;

(c)     For attorneys' fees and costs as allowed by law; and

(d)     Waiting period wages and penalties.

ON THE SECOND CAUSE OF ACTION:

(a)     For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

(b)     For interest on any compensatory damages; and

(c)     For attorneys' fees and costs.

ON THE THIRD CAUSE OF ACTION:

(a)     For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

(b)     For interest on any compensatory damages; and

(c)     For attorneys' fees and costs.

ON THE FOURTH CAUSE OF ACTION:

(a)     For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

(b)     For penalty enhancements for willful conduct; and

(c)     For attorneys' fees and costs.

ON THE FIFTH CAUSE OF ACTION:

(a)     For statutory penalties;

**CLASS ACTION COMPLAINT**

1       (b)   For compensatory damages and interest thereon for actual harm caused; and

2       (c)   For attorneys' fees and costs as allowed by law.

3    <u>ON THE SIXTH CAUSE OF ACTION:</u>

4       (a)   For statutory penalties;

5       (b)   For attorneys' fees and costs.

6    <u>ON THE SEVENTH CAUSE OF ACTION:</u>

7       (a)   For actual expenses incurred as allowed by <u>Labor Code</u> § 2802

8       (b)   For special damages; and

9       (c)   For attorneys' fees and costs.

10   <u>ON THE EIGHTH CAUSE OF ACTION:</u>

11      (a)   For the equitable, injunctive and declaratory relief requested;

12      (b)   Treble damages;

13      (c)   For disgorgement of profits.

14      (d)   For reasonable attorneys' fees and costs.

15   <u>ON ALL CAUSES OF ACTION:</u>

16      (a)   For reasonable attorneys' fees;

17      (b)   For costs of suit;

18      (c)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the

19   Court will certify; and

20      (d)   For such other and further relief as this Court may deem just and proper

21   Dated:  June 3, 2020         **QUINTILONE & ASSOCIATES**

22

23   By: _____

24          RICHARD E. QUINTILONE II,
             LAUREL N. HOLMES

25          ALEJANDRO QUINONES
             Attorneys for Plaintiff BRIAN PTIMAN

26          individually and on behalf of all other employees
             similarly situated

27

28

-23-

**CLASS ACTION COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    Dated:  June 3, 2020                           **QUINTILONE & ASSOCIATES**

5

6                                          By:

7                                                RICHARD E. QUINTILONE II,
                                                 LAUREL N. HOLMES,
8                                                ALEJANDRO QUINONES
                                                 Attorneys for Plaintiff BRIAN PTIMAN
9                                                individually and on behalf of all other employees
                                                 similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-
**CLASS ACTION COMPLAINT**

# EXHIBIT B

1   CARY G. PALMER (SBN 186601)
    ERIKA BARBARA PICKLES (SBN 215702)
2   JACKSON LEWIS P.C.
    400 Capitol Mall, Suite 1600
3   Sacramento, CA  95814
    Telephone:   (916) 341-0404
4   Facsimile:   (916) 341-0141
    E-mail:  *cary.palmer@jacksonlewis.com*
5   E-mail:  *erika.pickles@jacksonlewis.com*

6   MICHAEL C. CHRISTMAN (SBN 319758)
    MACY'S LAW DEPARTMENT
7   11477 Olde Cabin Road, Suite 400
    St. Louis, MO  63141
8   Telephone:   (314) 342-6334
    Facsimile:   (314) 342-6366
9   E-mail:  *michael.christman@macys.com*

10  Attorneys for Defendants
    MACY'S WEST STORES, LLC
11  (f/k/a Macy's West Stores, Inc.) and
    MACY'S, INC.

12

13              SUPERIOR COURT OF CALIFORNIA

14        COUNTY OF FRESNO – B.F. SISK COURTHOUSE

15

16  BRIAN PITMAN, individually, and on behalf       Case No. 20CECG01623
    of all employees similarly situated,
17                                                  ASSIGNED FOR ALL PURPOSES TO:
                 Plaintiff,                            JUDGE ROSEMARY MCGUIRE
18                                                         DEPARTMENT 502
          v.
19                                                  CLASS ACTION
    MACY'S WEST STORES, INC., an Ohio
20  Corporation; MACY'S, INC., an unknown          **DEFENDANTS MACY'S WEST
    entity, and DOES 1 through 100, inclusive,     STORES, LLC'S AND MACY'S, INC.'S
21                                                  ANSWER TO PLAINTIFF'S
                 Defendants.                        CLASS ACTION COMPLAINT**
22
                                                    Complaint Filed:  June 4, 2020
23                                                  Trial Date:       Not Set

24

25        In answer to Plaintiff Brian Pitman's ("Plaintiff") Class Action Complaint ("Complaint"),

26  Defendants Macy's West Stores, LLC f/k/a Macy's West Stores, Inc. ("MWS") and Macy's, Inc.

27  (collectively, "Defendants"), subject to and without waiving their right to compel arbitration,

28  deny and allege as follows:

                                        1
         DEFENDANTS MACY'S WEST STORES, LLC'S AND MACY'S, INC.'S
              ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, Defendants generally deny (i) the allegations in Plaintiff's Complaint, (ii) that Plaintiff and/or the alleged putative class members have been damaged/injured/harmed in any way whatsoever, (iii) that Plaintiff and/or the alleged putative class members are entitled to any legal, injunctive, equitable, or other relief in any amount or manner whatsoever from Defendant, and (iv) that Plaintiff and/or the alleged putative class members sustained injury, damage, detriment, harm, or loss by reason of any conduct, action, error, or omission on the part of Defendants or any agent, employee, or other person acting under Defendants' authority or control. This denial of the Complaint is filed without prejudice to Defendants' right to file amended answers, including additional defenses, and is filed without prejudice to or waiver of Defendants' right to compel arbitration of Plaintiff's claims on an individual basis.

**DEFENSES**

For further answer and separate defenses to Plaintiff's Complaint and the causes of action alleged therein, and without assuming any burden of proof they otherwise would not have, Defendants allege as follows:

**FIRST DEFENSE**

**(Action Subject to Individual Arbitration)**

Plaintiff's Complaint, claims, and relief requested therein, and this action, are subject to binding individual arbitration, pursuant to Plaintiff's agreement to arbitrate on an individual basis all disputes arising from or related to his employment with MWS.

**SECOND DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state claims against Defendants for which relief can be granted.

///

///

///

2

1

## THIRD DEFENSE

2

### (Standing)

3      Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in

4   part, to the extent Plaintiff lacks standing to assert the Complaint or any causes of action alleged

5   therein on his own behalf or on behalf of those he seeks to represent.

6

## FOURTH DEFENSE

7

### (Statutes of Limitations / Laches)

8      Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in

9   part, by the doctrine of laches or to the extent they seek relief outside the applicable statutes of

10  limitations, including but not limited to California Code of Civil Procedure sections 338 and 340

11  and California Business and Professions Code section 17208.

12

## FIFTH DEFENSE

13

### (Settlement and Release)

14      Plaintiff is barred from recovering on behalf of putative class members who have

15  voluntarily settled and/or released all or portions of the claims set forth in the Complaint and/or

16  have previously pursued any claim before the California Department of Industrial Relations,

17  Division of Labor Standards Enforcement, or the United States Department of Labor.

18

## SIXTH DEFENSE

19

### (Waiver)

20      Plaintiff's Complaint, claims, and relief requested may be barred, in whole or in part, by

21  the doctrine of waiver.

22

## SEVENTH DEFENSE

23

### (Estoppel)

24      Plaintiff's Complaint, claims, and relief requested may be barred, in whole or in part, by

25  estoppel.

26  / / /

27  / / /

28  / / /

3

1

**EIGHTH DEFENSE**

2

**(Performance of Duties and Obligations)**

3    Defendants allege, without admitting to the existence of any duties or obligations as

4  alleged in the Complaint, that any duty or obligation Plaintiff claims are owed by Defendants

5  have been fully performed, satisfied, or discharged.

6

**NINTH DEFENSE**

7

**(Failure to Comply with Reasonable Directions)**

8    Defendants are informed and believe, and thereon allege, that any recovery on the

9  Complaint as a whole, or on each purported cause of action alleged therein, is barred by

10  California Labor Code sections 2854 and 2856 to the extent Plaintiff and putative class members

11  failed to use ordinary care and diligence in the performance of their duties and failed to comply

12  substantially with the reasonable directions of their employer.

13

**TENTH DEFENSE**

14

**(Other Employees Agreed to Individual Arbitration)**

15    Plaintiff cannot recover on behalf of other employees to the extent the other employees

16  agreed to arbitration of employment-related disputes with Defendants on an individual basis.

17

**ELEVENTH DEFENSE**

18

**(No Equitable / Injunctive Relief)**

19    Plaintiff is not entitled to any equitable/injunctive relief because he has an adequate

20  remedy at law and/or because he is a former employee.

21

**TWELFTH DEFENSE**

22

**(Due Process and Manageability)**

23    Plaintiff's Complaint as a whole and/or each cause of action alleged therein are barred, in

24  whole or in part, because they violate Defendants' right to due process. These causes of action are

25  not susceptible to common proof, are fact intensive, and require highly individualized inquiries

26  into liability. As such, adjudicating these claims on a class basis present intractable management

27  issues that deprive Defendants of their right to a fair trial.

28  ///

4

**THIRTEENTH DEFENSE**

**(Unconstitutionality)**

Defendant asserts that the damages and penalties Plaintiff and the putative class seek are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, the Self-Incrimination Clause of Section 15 of Article I, and other provisions of the California Constitution.

**FOURTEENTH DEFENSE**

**(Avoidable Consequences Doctrine)**

The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants had procedures in place for reporting work-related issues, including but not limited to issues related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

**FIFTEENTH DEFENSE**

**(Accord and Satisfaction)**

The Complaint is barred, in whole or in part, to the extent Plaintiff and putative class members entered into an accord and satisfaction of any claim asserted in this lawsuit.

**SIXTEENTH DEFENSE**

**(Set-Off for Unearned Compensation)**

Without admitting the allegations of the Complaint, but rather expressly denying them, Defendants are entitled to a set-off for amounts Plaintiff and putative class members owe

/ / /

1  Defendants for receipt of any wages and other benefits to which they were not entitled and/or did

2  not earn. *See Witt v. Jackson* (1961) 57 Cal.2d 57.

3  ### SEVENTEENTH DEFENSE

4  ### (Exemption and Inapplicability)

5  Plaintiff, and each putative class member, are exempt employees within the meaning of

6  the applicable wage order and the California Labor Code and therefore are exempt from

7  minimum wage, overtime, meal break, rest break, and other laws and regulations applicable to

8  non-exempt employees.

9  ### EIGHTEENTH DEFENSE

10 ### (Improper Party)

11 Defendant Macy's, Inc. is an improper party because it is just a holding company and did

12 not employ Plaintiff or any of the putative class members.

13 ### RESERVATION OF RIGHTS

14 Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully

15 anticipate all defenses that may be applicable to this action. Accordingly, Defendants' right to

16 assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

17 ### PRAYER

18 WHEREFORE, having generally and specifically denied Plaintiff's Complaint and having

19 alleged defenses, Defendants pray:

20     1.    That the class/representative allegations be dismissed/stricken pursuant to

21           the parties' arbitration agreement and this action be referred to binding

22           arbitration on an individual basis;

23     2.    That Plaintiff take nothing by his Complaint;

24     3.    For judgment in Defendants' favor and dismissal of all of Plaintiff's

25           claims;

26 / / /

27 / / /

28 / / /

DEFENDANTS MACY'S WEST STORES, LLC'S AND MACY'S, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    4.    To recover their costs and attorneys' fees incurred in this action; and

2    5.    For such other and further relief as the Court may deem proper.

3

4    Dated:   September 2, 2020                          JACKSON LEWIS P.C.

5

6                                                        By:_____

7                                                            Cary G. Palmer
                                                            Erika Barbara Pickles

8                                                        Attorneys for Defendants
                                                        MACY'S WEST STORES, LLC and
9                                                        MACY'S, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**PROOF OF SERVICE**

I, Gail Kristine Baum, declare:

I am employed in the County of Sacramento, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On September 2, 2020, I served the within:

**DEFENDANTS MACY'S WEST STORES, LLC'S AND MACY'S, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

on the parties in said action:

| | |
|---|---|
| | by personally delivering a true and correct copy thereof to the persons at the addresses set forth below, in accordance with Code of Civil Procedure section 1011(a). |
| | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar.  On the same day correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| **X** | by forwarding a true and correct copy thereof electronically from e-mail address *baumg@jacksonlewis.com* to the persons at the e-mail addresses set forth below, pursuant to California Rules of Court, emergency rule 12. |

| | |
|---|---|
| Richard E. Quintilone II<br>Laurel N. Holmes<br>Alejandro Quinones<br>QUINTILONE & ASSOCIATES<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA  92630 | Attorneys for Plaintiff<br><br>Telephone:  (949) 458-9675<br>Facsimile:  (949) 458-9679<br>E-mail:  *req@quintlawcom*<br>E-mail:  *lnh@quintlaw.com*<br>E-mail:  *axo@quintlaw.com* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __2nd__ day of September, 2020 at Folsom, California.

Gail Kristine Baum



**Confirmation #:**     24195226

**Case Title:**        Brian Pitman vs. Macy's West Stores, Inc.
/Class/Complex

Thank you for choosing One Legal. If you have any questions about this order, please email us at
support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Fresno County, Superior Court of California |
| **Court Branch:** | Fresno |
| **Case Title:** | Brian Pitman vs. Macy's West Stores, Inc. /Class/Complex |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Other Employment |
| **Case #:** | 20CECG01623 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling-eService |
| **Filing order #:** | 15140849 |
| **Date/Time Submitted:** | 9/2/2020 4:10 PM PT |
| **Client Billing Code:** | 492765 (Macy's-Pitman) |
| **Contact Name:** | Gail Baum |
| **Attorney Name:** | Erika Pickles |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer/Response/Denial/Demurrer - First Appearance Fee | Defendants Macy's West Stores, LLC's and Macy's, Inc.'s Answer to Plaintiff's Class Action Complaint | 8 |

Copyright © 2020 One Legal LLC • www.onelegal.com

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MACY'S WEST STORES, INC., an Ohio Corporation; MACY'S INC., an unknown entity, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIAN PTIMAN, individually, and on behalf of all employees similarly situated.

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
6/5/2020
Superior Court of California
County of Fresno
By: C. York, Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*   B.F. Sisk Courthouse
1130 O St., Fresno, CA 93721

</td><td>

CASE NUMBER: *(Número del Caso):*
20CECG01623

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard E. Quintilone II (SBN 200995) Quintilone & Associates, 22974 El Toro Rd. Ste 100, Lake Forect, CA 949.458.9675

<table>
<tr><td>

DATE:
*(Fecha)* 6/5/2020

</td><td>Clerk, by
*(Secretario)*   C. York</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard Quintilone II (SBN 200995), Alejandro Quinones (SBN 324244) Laurel N.
Holmes (SBN 308315)
22974 El Toro Rd Ste 100, Lake Forest, CA 92630

TELEPHONE NO.: (949) 458-9675    FAX NO. (Optional): (949) 458-9679
ATTORNEY FOR (Name): Brian Pitman

FOR COURT USE ONLY

E-FILED
6/4/2020 3:35 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O St., Fresno, CA 93721
MAILING ADDRESS: 1130 O St., Fresno, CA 93721
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Pitman v. Macy's

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CECG01623 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [x] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 8
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 3, 2020

Richard E. Quintilone II, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Case 1:20-cv-01296-DAD-BAM Document 1 Filed 09/03/20 Page 63 of 70

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
Civil Unlimited Department, **Central Division**
1130 "O" Street
**Fresno, California  93724-0002**
**(559) 457-1900**

*FOR COURT USE ONLY*

Filed by Court

# FILED

JUN 0 5 2020

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
DEPUTY

TITLE OF CASE:

**Brian Pitman vs. Macy's West Store, Inc.**

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

CASE NUMBER:
**20CECG01623**

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Rosemary McGuire** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **October 6, 2020** at **3:30 PM** in **Department 403** of the court located at **1130 "O" Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:    **June 5, 2020**          Clerk, by _____, Deputy
                                            **C. York**

---

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-1900 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br><br>**Brian Pitman vs. Macy's West Stores, Inc. /Class/Complex** | |
| **NOTICE OF CALENDAR SETTING** | CASE NUMBER:<br>**20CECG01623** |

Notice is hereby given that the above entitled case has been set for :

| Type of Hearing | Date of Hearing | Department Number | Time |
|---|---|---|---|
| **Case        Management Conference** | **Tuesday, 10/06/2020** | **Department 502** | **3:27 PM** |

☐ See attached documents

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Calendar Setting**   was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at Fresno, California, on:

Date: **06/24/2020**  Clerk, by **/s/ Chelsey York** ,
<br>                                                                              **Chelsey York**

**Please See Attached**

---

GN-23 R06-06                                    **NOTICE OF CALENDAR SETTING**

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Brian Pitman vs. Macy's West Stores, Inc. /Class/Complex | |

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>20CECG01623 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

**Notice of Calendar Setting**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  **Fresno, California   93724-0002**

On Date:  **06/24/2020**            Clerk, by _____, Deputy

C. York

Richard Quintilone, II
Quintilone & Associates
22974 El Toro Road
Suite 100
Lake Forest, CA 92630

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                          **CLERK'S CERTIFICATE OF MAILING**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Richard E. Quintilone II (SBN 200995)<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA 92630-4961<br>TELEPHONE NO.: 949.458.9675   FAX NO. *(Optional)*: 949.458.9679<br>E-MAIL ADDRESS *(Optional)*: req@quintlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Jennifer Ward | E-FILED<br>8/25/2020 2:32 PM<br>Superior Court of California<br>County of Fresno<br>By: Louana Peterson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O St., Fresno, CA 93721
MAILING ADDRESS: 1130 O St., Fresno, CA 93721
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: B.F. Sisk Courthouse

PLAINTIFF/PETITIONER: Brian Pitman, and others similarly situated

DEFENDANT/RESPONDENT: Macy's West Stores, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20CECG01623 |
|---|---|

TO *(insert name of party being served)*: Macy's West Stores, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 5, 2020

Richard E. Quintilone II Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ X ]  A copy of the summons and of the complaint.
2. [   ]  Other *(specify)*:

   1) Civil Case Coversheet; 2) Summons; 3) Class Action Complaint; 4) Notice of Hearing 3:30PM, 10.06.20.

*(To be completed by recipient):*

Date this form is signed:  August 25, 2020
JACKSON LEWIS P.C. / By: Erika Barbara Pickles
Attorneys for Defendant Macy's West Stores, LLC
(f/k/a Macy's West Stores, Inc.)
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **August 25, 2020** I served the foregoing document(s):

## NOTICE AND ACKNOWLEDGEMENT OF RECEIPT

on the following parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

_____  *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____  *(BY PERSONAL SERVICE)* I delivered each such document by hand.

_____  *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

__X__  *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by the Firm's and/or Court's Electronic Mail system.

_____  *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

Executed on **August 25, 2020, at Lake Forest, California.**

_____  **(FEDERAL)** I declare under penalty of perjury that the above is true and correct.

__X__  **(STATE)** I declare under penalty of perjury that the above is true and correct.

_____
ALEJANDRO QUINONES

-1-

PROOF OF SERVICE

## SERVICE LIST

1

2  Erika Barbara Pickles                          Attorneys for Defendant- MACY'S
   Jackson Lewis P.C.                             WEST STORES, LLC. f/k/a MACY'S
3  400 Capitol Mall, Suite 1600                   WEST STORES, INC.
   Sacramento, CA 95814
4  Tel: 916.341.0404
   Email: Erika.Pickles@jacksonlewis.com
5

6

7

8

9

10

11

12  **Q&A Case No. 20.01485**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

    I, Gail Kristine Baum, declare:

3

4

    I am employed in the County of Sacramento, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

5

    On September 3, 2020, I served the within:

6

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**

7

on the parties in said action:

| | |
|---|---|
| | by personally delivering a true and correct copy thereof to the persons at the addresses set forth below, in accordance with Code of Civil Procedure section 1011(a). |
| **X** | by depositing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, in a United States Post Office mail box at Folsom, California. |
| | by forwarding a true and correct copy thereof electronically from e-mail address *baumg@jacksonlewis.com* to the persons at the e-mail addresses set forth below, pursuant to California Rules of Court, emergency rule 12. |

| | |
|---|---|
| Richard E. Quintilone II<br>Alejandro Quinones<br>QUINTILONE & ASSOCIATES<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA  92630 | Attorneys for Plaintiff<br><br>Telephone:  (949) 458-9675<br>Facsimile: (949) 458-9679<br>E-mail:  *req@quintlawcom*<br>E-mail:  *axq@quintlaw.com* |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this __3rd__ day of September, 2020 at Folsom, California.

*/s/ Gail Kristine Baum*
Gail Kristine Baum