1   RICHARD E. QUINTILONE, II (SBN 200995)
    JEFFREY T. GREEN (SBN 330065)
2   **QUINTILONE & ASSOCIATES**
    22974 EL TORO ROAD, SUITE 100
3   LAKE FOREST, CA 92630
    TELEPHONE: (949) 458-9675
4   FACSIMILE: (949) 458-9679
    EMAIL: REQ@QUINTLAW.COM; JTG@QUINTLAW.COM
5
    Attorneys for Plaintiff, BRIAN PITMAN, individually, and on behalf of all
6   employees similarly situated.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   BRIAN PITMAN, individually, and on behalf of all employees similarly situated; | **Case No.: 1:20-cv-01259-NONE-BAM** |
| 12 | **CLASS ACTION** |
| 13                    Plaintiff, | **Assigned to:** |
| | Hon. Dale A. Drozd |
| 14              vs. | Crtrm: 4 |
| 15   MACY'S WEST STORES, INC. an Ohio | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO** |
| 16   Corporation; MACY'S INC., an unknown entity; and DOES 1 through 100, inclusive, | **COMPEL INDIVIDUAL ARBITRATION** |
| 17                  Defendants. | [Filed concurrently with the Declaration of Brian Pitman; Declaration of Richard |
| 18 | E. Quintilone II Esq.; Objections to Declarations in Support of Motion] |
| 19 | |
| 20 | Hearing:  May 18, 2021 |
| | Time: 9:30 a.m. |
| 21 | Crtrm: 4 |
| 22 | Complaint filed: June 3, 2020 |
| | Removed: September 3, 2020 |
| 23 | |

24

25

26

27

28

                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

**MEMORANDUM OF POINTS & AUTHORITIES** ............................................ 1

I.   FACTUAL BACKGROUND ...................................................................... 1

II.   LEGAL STANDARD ................................................................................ 3

III.   ARGUMENT ........................................................................................... 4

1.   DEFENDANT WAIVED ITS ABILITY TO DEMAND
     ARBITRATION WHEN IT BREACHED THE
     ARBITRATION AGREEMENT PURSUANT TO
     CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.97 ............. 4

2.   DEFENDANT FAILED TO RESPOND TO PLAINTIFF'S
     DEMAND FOR ARBITRATION AND HAS WAIVED
     ITS RIGHT TO COMPEL IT .................................................................. 5

     A.   Defendant Has Had Full Knowledge of Their Alleged
          Right to Compel Arbitration Since the Inception of This
          Action ........................................................................................6

     B.   Defendant Failed to Arbitrate Plaintiff's Demand and
          Breached the Arbitration Agreement, Inconsistent With
          Any Existing Right to Compel Arbitration........................................7

     C.   Compelling Arbitration At This Point In Litigation
          Would Result in Prejudice to Plaintiff .................................................8

3.   THE ANTICIPATED FLSA CLAIMS IN PLAINTIFF'S
     FIRST AMENDED COMPLAINT MUST BE
     LITIGATED ....................................................................................... 10

4.   WHEN CONGRESS PASSES H.R. 963 (PREVIOUSLY
     H.R. 1423) THE FORCED ARBITRATION

2

AGREEMENT WOULD BE NULLIFIED ........................................ 11

5.    THE COURT SHOULD DENY DEFENDANT'S REQUEST
      TO STAY THE PENDING FEDERAL COURT ACTION .................. 12

IV.    SANCTIONS ................................................................................ 12

A.    DEFENDANT'S BREACH OF CODE OF CIVIL PROCEDURE
      § 1281.99 SUBJECTS DEFENDANT TO DISCOVERY
      SANCTIONS ................................................................................ 12

V.    CONCLUSION ............................................................................. 13

3

# **TABLE OF AUTHORITIES**

<u>Cases</u>

<u>Albertson's, Inc. v. United Food and Commercial Workers Union</u>, 157
    F.3d 758 (9th Cir. 1998)......................................................12

<u>Albertson's, Inc. v. United Food and Commercial Workers Union</u>, 157
    F.3d 758, 760 (9th Cir. 1998)................................................12

<u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u> ...............................12

<u>Ehleiter v. Grapetree Shores, Inc.</u>, 482 F.3d 207, 217–218, 221 (3d Cir.
    2007)......................................................................6

<u>Fisher v. A.G. Becker Paribas Inc.</u>, 791 F.2d 691, 694 (9th Cir. 1986)................8, 10

<u>Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.</u>, 817 F.2d 250, 252
    (4th Cir. 1987) ..........................................................5, 8

<u>Gray Holdco, Inc. v. Cassady</u>, 654 F.3d 444, 454–55 (3d Cir. 2011) ......................10

<u>Grigsby & Associates, Inc. v. M Sec. Inv.</u>, 664 F.3d 1350, 1353 (11th
    Cir. 2011) ................................................................6

<u>Herman v. RSR Sec. Services Ltd.</u>, 172 F.3d 132, 144 (2nd Cir. 1999) ..................13

<u>Hong et al. v. CJ CGV Am. Holdings, Inc. et al.</u>, 222 Cal. App. 4th 240,
    256–58 (2013) ............................................................6

<u>Hooper v. Advance America</u>, 589 F.3d 917, 922 (2009)............................9

<u>Joca-Roca Real Estate, LLC v. Brennan</u>, 772 F.3d 945, 949, 951 n.7 (1st
    Cir. 2014) ...............................................................10

<u>JPD, Inc. v. Chronimed Holdings, Inc.</u>, 539 F.3d 388, 394 (6th Cir.
    2008)......................................................................6

<u>Kelly v. Pub. Util. Dist. No. 2</u>, 552 Fed. App'x 663, 664 (9th Cir. 2014)...........10, 11

<u>Kilgore v. Keybank, Nat. Ass'n.</u>, 718 F.3d 10052, 1058 (9th Cir. 2013)...................5

<u>Marie v. Allied Home Mortg. Corp.</u>, 402 F.3d 1, 14 (1st Cir. 2005)..........................6

<u>Martin v. Yasuda</u>, 829 F.3d 1118, 1124 (9th Cir. 2016)..............................6

<u>Maxum Foundations, Inc. v. Salus Corp.</u>, 779 F.2d 974, 981 (4th Cir.
    1985)....................................................................5, 8

4

*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 Cal.
App. 3d 946 (1980) .............................................................9

*Messina v. N. Cent. Distrib., Inc.*, No. 15-2323, — F.3d —, 2016 WL
2640911, at *3 (8th Cir. May 10, 2016)...........................................10

*Morse v. Servicemaster Global Holdings, Inc.*, No. C 10-00628 SI, 2012
U.S. Dist. LEXIS 144691, *8-9 (N.D. Cal. Oct. 4, 2012) ................................5

*Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1068 (C.D. Cal.
2011)............................................................................11

*Radiator Specialty Co. v. Cannon Mills*, 97 F.2d 318, 319 (4th Cir.
1938)..........................................................................5, 8

*Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-478 (9th
Cir. 1991) .......................................................................5

*Richards v. Ernst & Young, LLP*, 744 F.3d 1072 at 1075 (9th Cir. 2013)...............10

*Scalia v. Employer Solutions Staffing Group, LLC*, 951 F.3d 1097, 1105
(9th Cir. 2020) ..................................................................13

*United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir.
2009)..........................................................................5, 8

*Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir.
1988).........................................................................9, 11

*Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 474 (1989) ............................5

*Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir.
2000)............................................................................13

OPPOSITION TO MOTION TO COMPEL ARBITRATION

Statutes

29 U.S.C. § 201 ........................................................................................12

Code of Civil Procedure § 1281.2 ...............................................................2

Code of Civil Procedure § 1281.97 ...................................................6, 7, 14

Code of Civil Procedure § 1281.99 ...........................................................14

Labor Code § 218.5 .....................................................................................4

OPPOSITION TO MOTION TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff Brian Pitman ("Plaintiff") submits this Opposition to Defendants' (Macy's West Stores, Inc. and Macy's, Inc. or "Defendants") Motion to Compel Individual Arbitration ("Motion to Compel") on behalf of himself an on behalf of other Sales Associates similarly situated. Given the Defendant's desire to arbitrate arose over one year after Plaintiff demanded arbitration and only after this Action was initiated, the Defendant has waived its right to compel arbitration.

Defendant brings the Motion to Compel based on the alleged written Arbitration Agreement ("Agreement"). The present Motion to Compel should be denied because: (1) Defendant has waived its right to compel arbitration pursuant to California Code of Civil Procedure § 1281.97; (2) Defendant has waived its right to compel arbitration under these facts; (3) Plaintiff's claims under the Fair Labor and Standards Act of 1938 must be pursued in Court; and (4) Congress' imminent H.R. 963 Bill will completely nullify the arbitration agreement in full, which will be voted on soon.

## I.  FACTUAL BACKGROUND

This is a wage and hour action seeking class status, damages and injunctive relief brought by Plaintiff Brian Pitman, who worked for Defendant as a Sales Manager.

On **September 5, 2017**, Plaintiff started work with Defendant Macy's West Stores, at the Fashion Fair Mall in Fresno, California. (Complaint, Dkt. 1, pg. 26). On his first day, his onboarding process (watching all the videos, reading every document) was cut short because he was required on the floor to begin working about halfway through his shift. (Declaration of Richard E. Quintilone II Esq. ("Quintilone Dec.,") ¶ 4). Similarly, on his second day, he was rushed through the onboarding process by management and was out on the floor halfway through the day. Although he did sign the Solutions InSTORE New Hire Acknowledgement Form which included the Arbitration Agreement, he did not have the opportunity to fully review and comprehend the arbitration process, and chose not to return an Election form reserving his right of litigation. (Quintilone Dec., ¶ 4).

-1-

On **March 14, 2019**, Plaintiff emailed Sara Hartman from Solutions InSTORE in attempt to resolve his unpaid wages. (Quintilone Dec., ¶ 5). Ms. Hartman connected with Plaintiff via telephone, but he was not able to resolve the matter.

On **August 28, 2019**, Plaintiff, prepared a formal demand for arbitration with his former attorneys through the American Arbitration Association to resolve his claims. (Quintilone Dec., ¶ 6). On **October 4, 2019**, Plaintiff provided advanced notice of his arbitration demand to the Solutions InSTORE Program, making a demand for $37,592.00 of relief under 26 U.S.C. § 207; California Labor Code §§ 201-203, 226.7, 510; and California Business & Professions Code § 17200. (Quintilone Dec., ¶ 6).

On **October 21, 2019**, Defendant rejected Plaintiff's demand for mediation. Defendant claimed that it would "vigorously defend itself and pursue all remedies," yet no further action was taken, no further communications to arbitrate came from Defendant, nor did Defendant pay fees for the arbitration. (Quintilone Dec., ¶ 7).

On **May 19, 2020**, after not hearing response from his former attorneys on the status of his claim, or any further response from Defendant or Solutions InSTORE regarding his arbitration demand, Plaintiff hired Quintilone & Associates to litigate his claims. (Quintilone Dec., ¶ 2).

On **June 3, 2020**, Plaintiff filed a Class Action Complaint in Fresno County Superior Court asserting the following causes of action against Defendant: (1) failure to pay commission wages, including overtime; (2) failure to provide meal periods or compensation in lieu thereof; (3) failure to provide rest periods or compensation in lieu thereof; (4)  failure to timely pay wages due at termination; (5) failure to furnish accurate, itemized wage statements; (6) failure to pay wages due and payable twice monthly; (7) failure to reimburse employees for required expenses; and (8) violations of the Unfair Competition Law. (Complaint, Dkt 1, pg. 26).

On **September 3, 2020,** Defendant filed its Answer to Plaintiff's Complaint, including that Plaintiff's Complaint and this Action are subject to binding individual arbitration, pursuant to Plaintiff's agreement to arbitrate on an individual basis all

-2-

disputes arising from or related to his employment with Defendant Macy's West Stores. (Defendant's Answer, Dkt 1, pg. 51).  It was not until this time that Defendant had asserted that the parties resolve Plaintiff's claims in mediation. The Action was later removed to this Court on **September 3, 2020**. (Notice of Removal, Dkt 1, pg. 1). For the following reasons, Plaintiff concludes that this Action is correctly under the Court's jurisdiction and any motion to compel arbitration should be denied.

## II.  <u>LEGAL STANDARD</u>

Before a court may grant a motion to compel arbitration, the Federal Arbitration Act ("FAA") requires the court to determine whether a valid agreement to arbitrate exists. <u>Morse v. Servicemaster Global Holdings, Inc.</u>, No. C 10-00628 SI, 2012 U.S. Dist. LEXIS 144691, *8-9 (N.D. Cal. Oct. 4, 2012) (Illston, J.) (citing <u>Republic of Nicaragua v. Standard Fruit Co.</u>, 937 F.2d 469, 477-478 (9th Cir. 1991)); 9 U.S.C. § 4. While the FAA creates a presumption in favor of arbitration, that presumption "does not confer a right to compel arbitration of any dispute at any time." <u>Morse</u>, 2012 U.S. Dist. LEXIS 144691 at *9 (citing <u>Volt Info. Scis. v. Bd. of Trs.</u>, 489 U.S. 468, 474 (1989)). This is because "[a]rbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation," not to provide "a means of furthering and extending delays." <u>Radiator Specialty Co. v. Cannon Mills</u>, 97 F.2d 318, 319 (4th Cir. 1938). Thus, before the Court can compel Plaintiff to arbitrate his claims, it must determine whether a valid agreement to arbitrate exists and whether the arbitration provision in question extends to the dispute at issue in this matter. See <u>Kilgore v. Keybank, Nat. Ass'n.</u>, 718 F.3d 10052, 1058 (9th Cir. 2013).

The right to arbitration, like other contractual rights, can be waived. <u>United States v. Park Place Assocs., Ltd.</u>, 563 F.3d 907, 921 (9th Cir. 2009). "A litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." <u>Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.</u>, 817 F.2d 250, 252 (4th Cir. 1987) (quoting <u>Maxum Foundations, Inc. v. Salus Corp.</u>, 779 F.2d 974, 981 (4th

-3-

Cir. 1985)).

The issue of waiver is a gateway issue for the Court to decide and not for determination by an arbitrator. See <u>Martin v. Yasuda</u>, 829 F.3d 1118, 1124 (9th Cir. 2016). Every circuit that has addressed this issue has reached the same conclusion. Id. at 1123; citing <u>Marie v. Allied Home Mortg. Corp.</u>, 402 F.3d 1, 14 (1st Cir. 2005) ("The proper presumption in this case is that the waiver issue is for the court and not the arbitrator."); <u>Ehleiter v. Grapetree Shores, Inc.</u>, 482 F.3d 207, 217–218, 221 (3d Cir. 2007) (adopting the First Circuit's test); <u>JPD, Inc. v. Chronimed Holdings, Inc.</u>, 539 F.3d 388, 394 (6th Cir. 2008) ("[W]e conclude that Howsam did not disturb the traditional rule that the courts presumptively resolve waiver-through-inconsistent-conduct claims."); <u>Grigsby & Associates, Inc. v. M Sec. Inv.</u>, 664 F.3d 1350, 1353 (11th Cir. 2011) ("Today we conclude that it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate."); see also <u>Hong et al. v. CJ CGV Am. Holdings, Inc. et al.</u>, 222 Cal. App. 4th 240, 256–58 (2013) (finding that the First, Third, Sixth, and Eleventh Circuits, as well as the Supreme Courts of Colorado, Nebraska, Texas and Alabama allow courts to decide the waiver by litigation conduct issue).

Therefore, it is for this Court to first decide whether Defendant has waived its purported right to arbitrate and whether a valid agreement to arbitrate exists.

## III. <u>ARGUMENT</u>

### 1. DEFENDANT WAIVED ITS ABILITY TO DEMAND ARBITRATION WHEN IT BREACHED THE ARBITRATION AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.97

Pursuant to California <u>Code of Civil Procedure</u> § 1281.97(a), "an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator the drafting party to pay certain fees and costs before arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material

-4-

breach of the arbitration agreement, is in default of the arbitration, and waives the right to compel arbitration." Here, Plaintiff demanded arbitration and notified Defendant on **October 4, 2019**. (Quintilone Dec., ¶ 6). Once Plaintiff demanded arbitration, Defendant has a duty under the Arbitration Agreement and <u>Code of Civil Procedure</u> to pay the arbitration fees within 30 days and charge Plaintiff the $125 or one day's work (whichever is less) minimum. However, on **October 21, 2019**, Defendant responded, rejecting the demand for arbitration, and was silent on resolving the claims until the Action was filed months later. (Quintilone Dec., ¶ 7). Defendant's failure to pay the arbitration fees in accordance with its Arbitration Agreement constitute a breach of the agreement. Therefore, Defendant's failure to pay the arbitration fees within 30 days of Plaintiff's demand for arbitration constitutes a waiver of its right to compel arbitration.

When the "drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may . . . withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." <u>Code of Civil Procedure</u> § 1281.97(b). Here, Defendant's failure to pay arbitration fees within 30 days of the Plaintiff's arbitration demand was a breach of the Arbitration Agreement. Because Defendant breached and defaulted on the Agreement, Plaintiff's choice to withdraw his claim from arbitration and proceed in this Court is proper. (See Complaint, Dkt 1, pg. 26).

**2. DEFENDANT FAILED TO RESPOND TO PLAINTIFF'S DEMAND FOR ARBITRATION AND HAS WAIVED ITS RIGHT TO COMPEL**

Although arbitration can sometimes provide a means of resolving disputes expeditiously, this case shows that it can sometimes be abused to prolong litigation and exploit the judicial process. After failing to arbitrate Plaintiff's claims for nearly one year, Defendant cannot reasonably argue that it is seeking to compel arbitration as an efficient alternative to litigation. Instead, Defendant has clearly demonstrated that it has treated arbitration as an insurance policy in an attempt to give itself a renewed opportunity to evade liability in this action.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

The right to arbitration, like other contractual rights, can be waived. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th Cir. 2009). "A litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1987) (quoting Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985)). This is because "[a]rbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation," not to provide "a means of furthering and extending delays." Radiator Specialty Co. v. Cannon Mills, 97 F.2d 318, 319 (4th Cir. 1938). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). Here, each of these three factors is met, thus Defendant's belated Motion to Compel Arbitration should be denied in its entirety.

## A. **Defendant Has Had Full Knowledge of Their Alleged Right to Compel Arbitration Since the Inception of This Action**

Defendant's own Motion to Compel Arbitration concedes that Defendant had full knowledge of its alleged right to compel arbitration. In addition to the Defendant's knowledge of the terms of the Arbitration agreement that it drafted, the document offered to Plaintiff to sign in this case, containing the purported arbitration agreement has been in Defendant's possession since **September 5, 2017**, well before Plaintiff filed the Complaint initiating this action. (*See* Declaration of Cynthia Ripak ("Ripak Decl.") Exhibit B, submitted with Defendant's Motion to Compel Arbitration (Dkt. No. 13.2)). It is clear that the Defendant knew that it had the right to compel arbitration from the outset of this Action.

**B. <u>Defendant Failed to Arbitrate Plaintiff's Demand and Breached the Arbitration Agreement, Inconsistent With Any Existing Right to Compel Arbitration</u>**

A party's extended silence and delay in moving for arbitration is indicative of a "conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims," which would be inconsistent with a right to arbitrate. <u>Van Ness Townhouses v. Mar Indus. Corp.</u>, 862 F.2d 754, 759 (9th Cir. 1988) (quoting <u>Nat'l Found. for Cancer Research v. A.G. Edwards & Sons</u>, 821 F.2d 772, 777 (D.C. Cir. 1987)). Courts have found this element satisfied when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court. See <u>Id</u>. at 756, 759 (finding waiver when party answered complaints, moved to dismiss the action, and did not claim a right to arbitration in any of the pleadings). In addition, <u>McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc</u>., 105 Cal. App. 3d 946 (1980) is also instructive on the issue of waiver. In denying a motion to compel arbitration on waiver grounds, the court in <u>McConnell</u> strongly condemned permitting a party to engage in litigation and then, after dissatisfaction with the proceedings in court, then move to compel arbitration. <u>Id</u>. at 951; see also <u>Hooper v. Advance America</u>, 589 F.3d 917, 922 (2009) (holding that defendant acted inconsistently by seeking a decision on the merits and "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." The defendant played a game of "heads I win, tails you lose" which is the worst possible reason for failing to move for arbitration sooner than it did.)

Here, Defendant's Motion to Compel Arbitration is a prime example of litigation conduct inconsistent with the right to arbitrate. Plaintiff initially demanded arbitration on October 4, 2019. (Quintilone Dec., ¶ 6). However, after denying the demand, Defendant failed to pay the arbitration fees pursuant to the Arbitration Agreement, and remained silent on further pursuing Plaintiff's claims at arbitration for nearly one year. (Quintilone Dec., ¶ 7). Only after Plaintiff filed the current Action did Defendant express a desire to

-7-

arbitrate Plaintiff's claims. (See Answer, Dkt 1, pg. 51). Defendant has made it abundantly clear that its actions in 2019 are wildly inconsistent with its purported desire to arbitrate. Therefore, Defendant's Motion to Compel Arbitration should be denied in its entirety.

## C. Compelling Arbitration At This Point In Litigation Would Result in Prejudice to Plaintiff

An order compelling arbitration at this juncture would result in prejudice to Plaintiff as Plaintiff has incurred costs that it would not have incurred if Defendant had timely sought to compel arbitration of this matter. In addition, Defendant has already benefited from Plaintiff's initial disclosures, which it may not have gained in arbitration. See Richards v. Ernst & Young, LLP, 744 F.3d 1072 at 1075 (9th Cir. 2013) (noting that a plaintiff can show prejudice if the opposing party has "gain[ed] information about the other side's cases that could not have been gained in arbitration.)

When a party has expended considerable time and money due to the opposite party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel, the party is indeed prejudiced. See, e.g., Kelly v. Pub. Util. Dist. No. 2, 552 Fed. App'x 663, 664 (9th Cir. 2014) (finding prejudice when the defendants waited eleven months to compel arbitration); Joca-Roca Real Estate, LLC v. Brennan, 772 F.3d 945, 949, 951 n.7 (1st Cir. 2014) (finding prejudice with a nine-month delay after the filing of the complaint); Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 454–55 (3d Cir. 2011) (holding that a ten-month delay before moving to compel, while not dispositive, weighed in favor of waiver); Messina v. N. Cent. Distrib., Inc., No. 15-2323, — F.3d —, 2016 WL 2640911, at *3 (8th Cir. May 10, 2016) (finding prejudice after an eight-month delay). At that point, the cost and expenses of litigating in district court are not "self-inflicted" wounds on the part of the Plaintiff. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 698 (9th Cir. 1986). The Defendant's actions in 2019 showed that Defendant did not want to arbitrate this case when it chose not to arbitrate when Plaintiff demanded arbitration, and wasted considerable time and

money before choosing to arbitrate Plaintiff's claim. See <u>Van Ness Townhouses</u>, 862 F.2d at 759; see also <u>Kelly</u>, 552 Fed. App'x at 664 ("A party that is aware that it has a right to compel arbitration of a dispute cannot wait to exercise that right until the parties have expended a significant amount of time and money to litigate that dispute in federal court."); <u>Plows v. Rockwell Collins, Inc.</u>, 812 F. Supp. 2d 1063, 1068 (C.D. Cal. 2011) (holding that thirteen months of legal fees and presumably the different choices that would have been made had plaintiffs known the case was going to arbitration were contributing factors to a finding of prejudice).

Here, because Defendant failed to move for arbitration until **nearly a year and a half after denying Plaintiff's attempt to arbitrate**, Plaintiff expended significant costs and effort in litigating this action in federal court. These costs include costs incurred in preparing the Complaint, serving notice, filing an (anticipated) Amended Complaint, engaging in litigation in opposition to Defendant's motion to compel arbitration, discovery, and a deposition, which was initiated by Defendant. In addition, Plaintiff has spent considerable time and effort conferring with opposing counsel regarding how to conduct the case on the merits, and analyzing how to approach discovery. In addition, the time and expense spent litigating in this Court could have been avoided if Defendant had promptly agreed to arbitrate when Plaintiff first proposed it. (See Quintilone Dec., ¶¶ 5, 6, 14 ).

Even if the parties exchanged the same information as they would have in arbitration, the process of doing so in federal court has been far more costly than it would have been if Defendant had agreed to arbitrate before this Action was filed. To rehash the same issues again in arbitration would be duplicative, cause further expense and delay, and also further prejudice Plaintiff. Defendant's Motion to Compel Arbitration at this stage is a clear abuse of arbitration as Defendant has essentially tested the waters by litigating in this Court over the past year, and now attempts to take the dispute to arbitration as a fail-safe strategy to take a new bite at the apple before an arbitrator.

-9-

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

1   Based on the issues above, he unnecessary additional costs incurred by Plaintiff as
2   a result of the Defendant's dilatory Motion to Compel Arbitration brought after a year of
3   litigation constitute obvious prejudice to Plaintiff, warranting the Court's denial of
4   Defendant's motion.

5   **3. THE ANTICIPATED FLSA CLAIMS IN PLAINTIFF'S FIRST AMENDED**
6       **COMPLAINT MUST BE LITIGATED**

7   The enforcement of an arbitration agreement, although extensive, does not extend
8   to Plaintiff's claims under the Fair Labor Standards Act of 1938 ("FLSA"). The 9th
9   Circuit has held that employees in labor cases "have an independent statutory right under
10  the FLSA that they are entitled to pursue in Court." Albertson's, Inc. v. United Food and
11  Commercial Workers Union, 157 F.3d 758, 760 (9th Cir. 1998). In Albertson's, Inc.,
12  The United Food & Commercial Workers Union (UFCW) threatened to sue Albertson's
13  for off-the-clock work pursuant to the FLSA. Id. at 759. The Court determined that
14  employees were not required to submit their FLSA claims to arbitration before bringing
15  suit because they had an independent right to pursue those claims in Court.

16  Here, Plaintiff's anticipated First Amended Complaint claims unpaid overtime
17  pursuant to the FLSA, 29 U.S.C. § 201, and seeks recovery for Plaintiff and other
18  similarly situated employees as a collective action. (See Quintilone Dec., ¶ 12). Similar
19  to Albertson's, Inc., Plaintiff's FLSA claims seek damages on wages and hours, and all
20  unpaid overtime wages owed. It is anticipated that Defendant will argue that
21  Albertson's, Inc. does not apply to this case because it focuses primarily on the FLSA
22  claims and the arbitration of those claims in relation to the employees' Collective
23  Bargaining Agreement. However, this does not matter. "While courts should defer to an
24  arbitral decision where the employee's claim is based on decision where the employee's
25  claim is based on rights arising out of the collective-bargaining agreement, different
26  considerations apply where the employee's claim is based on rights arising out of a
27  statute designed to provide minimum substantive guarantees to individual workers."
28  Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 737, 101 S.Ct. 1437, 67

-10-

L.Ed.2d 641 (1981). The FLSA was designed to "enact minimum wage and maximum hour provisions designed to protect employees . . . ." <u>Scalia v. Employer Solutions Staffing Group, LLC</u>, 951 F.3d 1097, 1105 (9th Cir. 2020), citing <u>Williamson v. General Dynamics Corp.</u>, 208 F.3d 1144, 1154 (9th Cir. 2000), and <u>Herman v. RSR Sec. Services Ltd.</u>, 172 F.3d 132, 144 (2nd Cir. 1999). Because an employee's rights to recover minimum wages and unpaid overtime wages arise under the FLSA, which is designed to protect the employee and provide recovery, any attempt to arbitrate those claims should be deferred in favor of pursuit of those claims in Court. Therefore, irrespective of whether the Court finds that Plaintiff's and the other similarly situated employees' other claims must be arbitrated, they must be afforded the opportunity to pursue their FLSA claims in Court.

**4. WHEN CONGRESS PASSES H.R. 963 (PREVIOUSLY H.R. 1423) THE FORCED ARBITRATION AGREEMENT WOULD BE NULLIFIED**

On **September 20, 2019**, the U.S. House of Representatives passed H.R. 1423, the Forced Arbitration Injustice Repeal Act. (See Quintilone Dec., ¶ 10). The Bill seeks to (1) prohibit predispute arbitration agreements that force arbitration of future employment, consumer, antitrust, or civil rights disputes; and (2) prohibits agreements and practices that interfere with the right of individuals, workers, and small businesses to participate in a joint, class, or collective action related to an employment, consumer, antitrust, or civil rights dispute. (See Quintilone Dec., ¶ 10). The bill was reintroduced to the House of Representatives on February 11, 2021 as H.R. 963, and has strong bipartisan support in both the U.S. House of Representatives and the U.S. Senate.

On **January 7, 2021**, Plaintiff's counsel emailed Defendant's counsel, hoping to stay proceedings until Congress voted on H.R. 963. (See Quintilone Dec., ¶ 11). However, Defendant denied to stipulate to stay the proceedings. (See Quintilone Dec., ¶ 11). With a major outcome of this Action hinging on Congress' vote, a stay over proceedings until the Bill is a reasonable and necessary precaution to avoid prejudicing Plaintiff to arbitration before Congress votes on whether arbitration clauses can be

-11-

included in employment contracts. In support of Plaintiff's previous arguments, Plaintiff requests that the Court stay the proceedings until Congress votes on H.R. 963.

**5. THE COURT SHOULD DENY DEFENDANT'S REQUEST TO STAY THE PENDING FEDERAL COURT ACTION**

Because the Court has not yet exhausted its authority to decide gateway issues, and because the Motion to Compel individual arbitration, the state court proceedings cannot be stayed. Further, even if the court enforces the Agreement, any claims that precede the Agreement would still proceed in state court as well as any claims beyond the scope of the agreement, such as injunctive relief on behalf of the public. Therefore, the Court should deny Defendant's request to stay the matter pending before this Court.

## IV.    SANCTIONS

### A. Defendant's Breach of Code of Civil Procedure § 1281.99 Subjects Defendant to Discovery Sanctions

Under <u>Code of Civil Procedure</u> § 1281.99(a) the court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of § 1281.97, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee as a result of the material breach.

Defendant's failure to pay arbitration fees within 30 days of Plaintiff's demand for arbitration under <u>Code of Civil Procedure</u> § 1281.97 opens it up to sanctions for reasonable expenses, including attorney's fees. Plaintiff demands that the Court provide the Plaintiff **$10,540.00** in fees, amounting to the total fees incurred defending Plaintiff in this Motion as well as additional fees subject to proof. (See Quintilone Dec., ¶ 14).

### B. Defendant's Breach of Code of Civil Procedure § 1281.99 Subjects Defendant to Evidentiary Sanctions

In addition, to the monetary sanction, the Court may order the following sanctions: (1) evidence sanction by an order prohibiting the drafting party from conducting discovery in the civil action; or (2) a terminating sanction by one of the

following orders: (A) an order striking out the pleadings or parts of the pleadings of the drafting party; (B) an order rendering a judgment by default against the drafting party; (3) a contempt sanction by an order treating the drafting party as in contempt of court.

Pursuant to the sanctions referenced in <u>Code of Civil Procedure</u> § 1281.99(b), Plaintiff requests that the Court strike Defendant's First Defense and Tenth Defense, subjecting this Action to Individual Arbitration, and subjecting other Employees to Individual Arbitration, from its Answer.

## V.    CONCLUSION

Since the parties failed to enter into a valid and enforceable agreement to arbitrate, Defendant's Motion to Compel Individual Arbitration and Stay the Court Proceedings must be denied, and Plaintiff's claims must proceed before this honorable Court.

Dated: March 12, 2021

**QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE, II
JEFFREY T. GREEN
Attorneys for Plaintiff, BRIAN
PITMAN, individually, and on behalf of
all employees similarly situated

-13-

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **the date below,** I served the foregoing document(s):

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

on the following parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

_____     *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____     *(BY PERSONAL SERVICE)* I delivered each such document by hand.

_____     *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

\_\_X\_\_\_     *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by the Firm's and/or Court's Electronic Mail system.

_____     *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

Executed on **March 12, 2021,** at **Lake Forest, California.**

\_\_\_X\_\_\_\_     (**FEDERAL**) I declare under penalty of perjury that the above is true and correct.

_____     (**STATE**) I declare under penalty of perjury that the above is true and correct.

_____
JEFFREY T. GREEN

-1-

PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Cary G. Palmer<br>Erika Barbara Pickles<br>Jackson Lewis P.C.<br>400 Capitol Mall, Suite 1600<br>Sacramento, CA 95814<br>Tel: 916.341.0404<br>Email: Cary.palmer@jacksonlewis.com;<br>Erika.Pickles@jacksonlewis.com; | Attorneys for Defendant- MACY'S<br>WEST STORES, LLC. f/k/a MACY'S<br>WEST STORES, INC. |

David E. Martin, pro hac vice admittee
Michael C. Christman
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Tel.: (314) 342-6334
Fax: (314) 342-6366
Email: David.e.martin@macys.com;
Michael.christman@macys.com

**Q&A Case No. 20.01485**

-2-