UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PITMAN, individually, and on behalf of all employees similarly situated., <br><br> Plaintiff, <br><br> v. <br><br> MACY'S WEST STORES, INC., an Ohio Corporation; MACY'S INC., an unknown entity, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 1:20-cv-001259-NONE-BAM <br><br><br> FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

## I. INTRODUCTION

On January 7, 2021, Defendants Macy's West Stores, Inc., and Macy's Inc., (collectively "Defendants") filed a Motion to Compel Arbitration. (Doc. No. 13.) On March 12, 2021, Plaintiff Brian Pitman ("Plaintiff") filed an opposition to the Motion to Compel Arbitration. (Doc. No. 14.) On April 26, 2021, Defendants filed their reply to the motion. (Doc. No. 16.) On April 27, 2021, Plaintiff filed a Motion to Amend the notice of removal. (Doc. No. 17.) On May 18, 2021, the Defendants filed their opposition to the Motion to Amend. (Doc. No. 19.) On May 25, 2021, Plaintiff filed his reply to the motion. (Doc. No. 20.) On May 27, 2021, both the motion to compel arbitration and the motion to amend the notice of removal were referred to Magistrate Judge McAuliffe.

The motion to compel arbitration and the motion to amend involve intertwined issues. Therefore, in the interest of judicial economy, the Court will handle both motions in this order. Having considered the moving, opposition, reply papers, and the entire file, the Court recommends Defendants' motion to compel arbitration be GRANTED and Plaintiff's motion to amend the notice of removal be DENIED as moot.

## II. BACKGROUND

Plaintiff alleges the following facts. Plaintiff is a former employee of Defendants Macy's West Stores, Inc., and Macy's Inc. Plaintiff began his employment with Defendant on September 5, 2017. Plaintiff alleges that he and all putative class members were misclassified as exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders. (Doc. No. 1 at 28.) This case was removed to this Court on September 3, 2020. (Doc. No. 1.)

On January 7, 2021, Defendants filed the present motion to compel arbitration of Plaintiff's claims on an individual basis pursuant to the "Solutions InSTORE Program," Defendants' dispute resolution program. Defendants assert that, upon hire, Plaintiff was provided with various materials, including the Plan Document[1], which contained an arbitration agreement. (Doc. No. 13-2 at 29.) The arbitration agreement provides that "all employment-related legal disputes, controversies, or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state, or local decisional or statutory law [] are covered claims and shall be settled exclusively by final and binding arbitration." (Doc. No. 13-2 at 35.) As further set forth in the Plan Document, arbitration is not a mandatory condition of employment. An employee may decline to participate in the arbitration agreement, provided the employee completes an Early Dispute Resolution Program Election form within thirty days of employment. *See* Declaration of Cynthia Ripak ("Ripak Decl.,") Doc. 13-2 at ¶¶ 9, 10 (If the employee does not submit the Election Form within the prescribed time period, the employee

---

[1] The Plan Document is a brochure that contains the arbitration agreement and describes the Four Step dispute program. (Doc. No. 13-2, Exh. B.)

agrees to arbitration as a term and condition of continued employment), and Exh. B at 28.[2]

Defendants allege that Plaintiff did not opt-out of the arbitration agreement within thirty days of

employment. Ripak Decl. at ¶¶ 25-28.

Despite allegedly acknowledging review of the Plan Document and failing to file an opt-out form, Plaintiff initiated the instant action in Fresno County Superior Court on June 4, 2020. Plaintiff asserts the following claims against Defendants: (1) failure to pay wages, including overtime; (2) failure to provide meal periods or compensation in lieu thereof; (3) failure to provide rest periods or compensation in lieu thereof; (4) failure to timely pay wages due at termination; (5) failure to furnish accurate itemized wage statements; (6) failure to pay wages due and payable twice monthly; (7) failure to reimburse employees for required expenses; and (8) violations of the unfair competition law. (Doc. No. 1 at 26.) Defendants removed the case to this Court on September 3, 2020. The instant motions followed.

## III. LEGAL STANDARD FOR A MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") permits a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition a district court for an order compelling arbitration. 9 U.S.C. § 4. The FAA created a "strong federal policy favoring arbitral dispute resolution," *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999), and courts have been directed to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). As a result, the party seeking to avoid arbitration under the FAA bears the burden of proving that the claims are unsuitable for arbitration. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). When deciding whether to compel arbitration,

---

[2] *See* Doc. No. 13-2 Exh. B at p. 51, "I have received a copy of the Solutions InSTORE brochure and Plan Document and acknowledge that I have been instructed to review this material carefully. I understand that I have thirty (30) days from my date of hire to review this information and postmark by election form to the office of Solutions InSTORE if I wish to opt out of Step 4, the final step of the Company's early dispute resolution program, Solutions InSTORE, which is final and binding arbitration. I understand I will be automatically enrolled in the program and subject to final and binding arbitration from my date of hire unless, within thirty (30) days of my date of hire, I take the steps required to opt out of Step 4 - Arbitration" Plaintiff signed the New Hire Acknowledgement form, which meant he had received the Plan Document and Brochure (which included an Election Form), understood that he had thirty (30) days to decide whether to opt out of Step 4-Arbitration.

the court's sole role is "determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Arbitration agreements are to be placed on an "equal footing with other contracts." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Thus, written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the FAA, general state contract law applies to determine whether an agreement to arbitrate is valid and enforceable." *See e.g.*, *Raymundo v. ACS State & Local Sols., Inc.*, 2013 U.S. Dist. LEXIS 70141, 2013 WL 2153691, at *2 (N.D. Cal. May 16, 2013).

When evaluating a motion to compel arbitration, courts treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the non-moving party. *See Chavez v. Bank of Am.,* 2011 U.S. Dist. LEXIS 116630, 2011 WL 4712204, at * 3 (N.D. Cal. Oct. 7, 2011).

## IV.     ANALYSIS OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants move to compel arbitration on the grounds that Plaintiff agreed to arbitration when he signed the New Hire Acknowledgement, the application disclosure statement, and failed to return the opt-out form. Plaintiff responds that Defendants breached the arbitration agreement by not paying the fees to initiate arbitration within 30 days of Plaintiff's demand for arbitration, therefore waiving their right to compel.

### A.     The Parties Entered into an Enforceable Arbitration Agreement

#### 1.     Admissible Evidence

Defendant's motion includes declarations by Cynthia Ripak, Senior Manager of the Office of Solutions InSTORE for Macy's Inc., Barry Sherrick, Manager of Software Engineering, and Michelle Cantor, Senior Manager of Recruitment Operations. *See* Ripak Decl. Doc. 13-1; *See* Declaration of Barry Sherrick ("Sherrick Decl.,"), Doc. 13-3; *See* Declaration of Michelle Cantor ("Cantor Decl.,") Doc. 13-5. Plaintiff objects to many of the statements in these declarations arguing that the declarants were not present when Plaintiff was conducting his new hire onboarding. He argues that their statements lack foundation and authentication, are speculative,

and amount to inadmissible hearsay, and include testimony for which the declarants lack personal knowledge. (Doc. Nos. 14-3, 14-5, and 14-6.)

"On a motion to compel arbitration, the court applies a standard similar to the summary judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure." *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS GGH, 2011 U.S. Dist. LEXIS 146757, at \*8, 2011 WL 6702424 (E.D. Cal. Dec. 21, 2011). Under Rule 56, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). Consequently, the focus of an objection at the summary judgment stage is not "the admissibility of the evidence's form" but on the "admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). In consideration of the applicable standard, "objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and are unnecessary. *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. June 5, 2006). "Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency." *Id.*

Moreover, objections to documentary evidence "on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are . . . inappropriate" so long as such documents could be properly authenticated at trial. *Alvarez,* 2011 WL 6702424 at \*10-11.

The Court has reviewed Plaintiff's objections and finds them superfluous to the legal standard for the reasons explained. Accordingly, they are each overruled.

### 2. Agreement to Arbitrate

The first task of a Court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute. *Van Ness Townhouses v. Mar Indus. Corp*., 862 F.2d 754, 756 (9th Cir. 1988). Whether the parties in this case entered into an arbitration agreement will be determined under California contract law. *See Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002). Under California contract law, a valid contract exists only if the parties consent. *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

The petitioning party bears the initial burden of proving by a preponderance of evidence: (1) the existence of a valid arbitration agreement and (2) that the dispute is covered by the agreement. *See Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 972, 64 Cal. Rptr. 2d 843, 938 P.2d 903 (1997). "[T]he trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the Court's discretion, to reach a final determination." *Id.* at 972.

Plaintiff does not challenge the validity of the arbitration agreement. Plaintiff makes no argument that the arbitration agreement was a invalid contract when the parties entered the agreement. (*See* Doc. No 14.) In fact, Plaintiff alleges that he has already demanded arbitration, acknowledging the agreement to arbitrate. (Doc. No. 14 at 5.) Instead of arguing the validity of the contract at its inception, Plaintiff argues that Defendants breached the arbitration agreement and therefore waived their right to compel arbitration. (Doc. No. 14.)

**3. Waiver**

Like other contractual rights, the right to arbitration may be waived. *United States v. Park Place Assocs.,* 563 F.3d 907, 921 (9th Cir. 2009). The Ninth Circuit has emphasized that waiver of the right to arbitration is disfavored because the right is contractual. *Park Place Assocs.,* 563 F.3d at 921. Therefore, the party seeking to prove waiver of the right bears a heavy burden of proof. *Id.* (citing *Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1025 (11th Cir. 1982)). It is for the Court, not the arbitrator, to determine whether an issue is arbitrable. *Oracle America, Inc., v. Myriad Group A.G.,* 724 F.3d 1069, 1073 (9th Cir. 2013). It is for the Court to decide on defenses to the enforceability of agreements, including waiver. *Cox v. Ocean View,* 533 F.3d 1114, 1120 (9th Cir. 2008). To demonstrate waiver, the arguing party must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* (quoting *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir. 1986)).

///

///

///

*i.*      *Knowledge of the right to arbitration*

Plaintiff argues that Defendants had knowledge of the right to compel arbitration because they drafted the agreement. (Doc. No 14 at 6.) Defendants do not dispute that they had knowledge of the right to arbitration.

*ii.*      *Inconsistent action with the right to arbitration*

Plaintiff next argues that Defendants acted inconsistently with the right to compel arbitration by denying Plaintiff's demand for arbitration and failing to pay the arbitration fees within 30 days of the demand. (Doc. No. 14 at 7-8.) Defendants argue that they have not acted inconsistently with the desire to arbitrate the issues, as they have not engaged in extensive litigation. (Doc. No. 16 at 7.) Notwithstanding, Defendants counter that Plaintiff never made a demand for arbitration or initiated arbitration with the American Arbitration Association ("AAA"), as required. (*Id.*) Specifically, Defendants contend that on October 4, 2019, Plaintiff submitted to the Defendants an "advance notice of intent to file a demand for arbitration." However, Plaintiff did not send the demand for arbitration along with a filing fee to the AAA as required. (*Id.*)

Courts have held that a party's active litigation of a lawsuit for a substantial period before moving to compel arbitration is indisputably inconsistent with the right to arbitrate. *Madrid v. Lazer Spot Inc.,* 2020 WL 4274218 at \*23-24 (E.D. Cal. July 24, 2020) (finding party seeking to compel arbitration acted inconsistent with the right to arbitrate when he did not seek to enforce the right until the parties completed non-expert discovery); *Morgan Stanley & Co., LLC v. Couch,* 134 F.Supp. 3d 1223-24 (E.D. Cal. September 24, 2015) (finding party seeking to compel arbitration acted inconsistent with that right when he exploited the benefits of pretrial discovery and motion practice that were only available in the judicial forum); *Van Ness Townhouses v. Mar Industries Corp.,* 862 F.2d 754, 758 (9th Cir. 1988) (finding party seeking arbitration acted inconsistent with that right when he actively litigated the case for two years).

The parties have not engaged in extensive litigation in this case. First, Defendants in this action have conducted only limited discovery and motion practice. Specifically, the parties have only engaged in limited discovery pertaining to the instant motion to compel arbitration, which is

the only motion practice the parties have engaged in during this case. On December 9, 2020, the Court opened discovery as to the motion to compel arbitration only, stating specifically that all "[d]iscovery unrelated to the Motion to Compel Arbitration will not be conducted until the Motion has been resolved." (Doc. No. 10.) Thus, the parties have not conducted extensive discovery or engaged in extensive motion practice. Further, this matter was initiated on June 4, 2020, in state court and was removed on September 3, 2020. (Doc. No. 1.) As such, this matter has only been pending for approximately one year. During this time, only the two instant motions have been filed. There has not been a substantial amount of litigation or delay. Defendants have not acted inconsistent with the right to arbitration.

Second, Defendants allege that Plaintiff never filed his demand for arbitration with the AAA, which would initiate the arbitration process. (Doc. No. 16 at 1.) Ms. Ripak, Senior Manager of the Office of Solutions InSTORE for Macy's Inc., attested that she is responsible for handling invoices submitted to Macy's Inc., from AAA. Ripak Decl. ¶ 5. Ms. Ripak also attested that she has "never seen, located, or otherwise became aware of any emails, other correspondence, or other documents sent by AAA to Macy's office of Solutions InSTORE related either to Brian Pitman or any demand for arbitration filed by or on behalf of Brian Pitman." Ripak Decl. at ¶ 6. Additionally, Plaintiff has not presented support that he did, in fact, file the demand for arbitration. The Court finds Ms. Ripak's declaration credible.

Plaintiff was aware that to initiate arbitration he must file his demand for arbitration with the AAA and pay the required fee. The letter submitted from Plaintiff to Macy's Inc., on October 4, 2019, states, "[Plaintiff] will wait to file the demand for arbitration until 15 days after Macy's receipt of this letter." (Doc. No. 14-1, Exh. 3.) The letter also acknowledges that the attached demand for arbitration was sent as an advance notice of the intent to file a demand for arbitration pursuant to article 6.b of Macy's Plan Document (the arbitration agreement), which requires such advance notice for those who did not participate in steps 1-3 of Solutions InSTORE early dispute resolutions. (*Id.*) The Demand for arbitration attached to the letter also describes the process of initiating a claim stating, "[t]o begin proceedings, **please send a copy of this Demand and the Arbitration Agreement, along with any filing fee as provided for in the rules**, to: American

8

Arbitration Association…" (*Id.*) (*emphasis in original*). Plaintiff signed the demand on August 29, 2019. (*Id.*) Plaintiff's signature on the document just below the notice of how to begin proceedings demonstrates his awareness of the requirements to initiate arbitration. There has been no showing that Plaintiff in fact filed the demand. Therefore, Defendants did not waive their right to arbitration based on failing to initiate arbitration.

### iii. *Prejudice to the party opposing arbitration*

Plaintiff alleges that an order compelling arbitration would result in prejudice to the Plaintiff as he has incurred costs that would not have been incurred if arbitration was initiated earlier. (Doc. No. 14 at 8.) Plaintiff also alleges that Defendants have benefited from Plaintiff's initial disclosures which would not have been obtained in arbitration. (*Id.*) Defendants counter that Plaintiff's "self-inflicted wounds" do not amount to prejudice. (Doc. No. 16 at 6-7.)

Generally, courts find that there has been prejudice where there have been delays in pursuing arbitration. *Madrid,* 2020 WL 4274218 at *27. For example, courts have found that delays of approximately one year can constitute prejudice. *Id.*; accord *Morgan Stanley,* 134 F.Supp. 3d at 1231; *Steiner v. Horizon Moving Sys.,* 2008 WL 4822774 at *8-10 (C.D. Cal. October 30, 2008) (finding prejudice where delay was one year since action was initiated and Plaintiff was denied remand before seeking arbitration). The Ninth Circuit has found that "courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration." *Brown v. Dillard's Inc.,* 430 F.3d 1004, 1012 (9th Cir. 2005). Prejudice may be found where the parties engaged in extensive discovery. *Madrid,* 2020 WL 4274218 at *27 (quoting *Morvant v. P.F. Chang's China Bistro, Inc.,* 870 F.Supp.2d 831, 847 (N.D. Cal. 2021)).

Plaintiff's argument that the additional costs incurred from having to litigate the matter is unpersuasive. Costs of litigation alone are not sufficient to establish prejudice. *United Computer Sys. v. AT&T Info. Sys.,* 298 F.3d 756, 765 (9th Cir. 2002) (finding cost of litigation alone was not sufficient to establish prejudice). Additionally, the parties have not engaged in extensive discovery. The parties have only engaged in discovery specific to the motion to compel and

Plaintiff's initial disclosures. Plaintiff's argument that Defendants have benefited from the initial disclosures is also unpersuasive as initial disclosures are considered extensive discovery. Plaintiff has failed to establish prejudice.

**B.      Plaintiff's Claims are Within the Scope of the Agreement.**

Plaintiff does not argue that all his claims are outside of the scope of the agreement. Rather, Plaintiff argues that only the Fair Labor Standards Act ("FLSA") claims he intends to add to the amended complaint, and the injunctive relief sought on behalf of the public are beyond the scope of the agreement. (Doc. No. 14 at 10, 12.) Defendants argue that both the FLSA claim, and the injunctive relief claim are within the scope of the agreement and therefore subject to arbitration. (Doc. No. 16 at 7, 9.) Alternatively, Defendants request a stay of proceedings pending arbitration of the arbitrable claims before the Court determines the remaining claims if they are found to be outside the scope of the agreement. (Doc. No. 13 at 17.)

The arbitration agreement provides that "all employment-related legal disputes, controversies, or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state, or local decisional or statutory law [] are covered claims and shall be settled exclusively by final and binding arbitration." (Doc. No. 13-2 at 35.) The language of the arbitration agreement is broad and includes all employment related disputes.

**1. The Anticipated FLSA Claims in Plaintiff's First Amended Complaint are Subject to Arbitration.**

Plaintiff argues that the FLSA claim he intends to include in a proposed First Amended Complaint would not be subject to arbitration. (Doc. No. 14 at 10.) Plaintiff relies on *Albertson's, Inc. v. Commercial Workers Union,* 157 F.3d 758 (9th Cir. 1998), that his proposed FLSA claim is a statutory claim which creates an independent right to pursue the claim in court. (*Id.*)

The *Albertson* Court held that employees covered by a collective bargaining agreement were entitled to take their FLSA claims to court regardless of whether those claims were covered by grievance-arbitration procedures. 157 F.3d at 761-62. The *Albertson* Court made clear, however, that there is a distinction between cases where the arbitration agreement is based in a collective bargaining agreement and cases where the arbitration agreement is based on individual

10

claims. *Id.* at 760-761. As Defendants argue, the *Albertson* Court distinguished the line of cases that involved individual arbitration agreements, namely *Kuehner v. Dickinson & Co.,* 84 F.3d 316 (9th Cir. 1996), and *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991). *Kuehner, Gilmer*, and their progeny, found that "Congress had not restricted the enforceability of contracts to arbitrate FLSA claims." *Albertson,* 157 F.3d at 762 ("the employee's individual agreement to arbitrate all disputes was enforceable with respect to disputes over claims covered by the FLSA.)

Defendants argue that Plaintiff's reliance on *Albertson* is misplaced. The Court agrees that individual claims under the FLSA are subject to arbitration. Plaintiff is not covered by any collective bargaining agreement. Rather, the arbitration agreement covers all individual claims Plaintiff may have against Defendants. The *Albertson* Court distinguished the difference between collective bargaining agreements with a grievance-arbitration procedure and an individual arbitration agreement. The *Albertson* Court, by distinguishing the different forms of agreements, demonstrated its interest in protecting individual rights that might otherwise be diminished in a collective action. Here, Plaintiff's individual rights will not be diminished by pursuing his FLSA claim through arbitration.

Further, the FLSA claim Plaintiff intends to include is a claim for failure to pay wages under the FLSA. Plaintiff alleges that "in the performance of their duties for Defendants, members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services." (Doc. No. 14-1, Exh. 8 at 26.) Under the arbitration agreement, all of Plaintiff's employment related claims, including those under federal statutory law would be subject to arbitration. Because Plaintiff is not part of a collective bargaining agreement, *Albertson* does not apply. Rather, *Kuehner, Gilmer,* and their progeny apply, which hold that the FLSA does not negate the enforceability of an arbitration agreement on an individual basis. The FLSA claims Plaintiff intends to include in his amended complaint would therefore be subject to the arbitration agreement on an individual basis.

///

///

**2. Plaintiff's Request for Injunctive Relief.**

Plaintiff argues that if the Court grants the motion to compel arbitration, claims that are beyond the scope of the agreement would remain; namely Plaintiff's request for injunctive relief on behalf of the public. (Doc. No. 14 at 12.) Defendants argue that the request for stay was only an alternative argument if the Court did not find all claims arbitrable. (Doc. No. 16 at 9.) Defendants further argue that Plaintiff's request for injunctive relief is within the scope of arbitration. (*Id.* at 10.)

Plaintiff is seeking injunctive relief as to the eighth cause of action: violations of the unfair competition law ("UCL"). (Doc. No. 1, Exh. A.) In claim eight, Plaintiff alleges that Defendant failure to adequately compensate Plaintiff, and the alleged class members, constituted false, fraudulent, unlawful, unfair, and deceptive business practices. (Doc. No. 1 at Exh. A. at 21.) Plaintiff therefore requests the Court issue a "preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the complaint." (*Id.*)

Defendants specifically argue that (1) the scope of the agreement is broad and includes the requested relief, and (2) Plaintiff is seeking private injunctive relief not public relief and therefore the issue is arbitrable. (Doc. No. 16 at 10.) Defendants argue the scope of the agreement is broad and includes all employment related disputes arising out of decisional or statutory law. Plaintiff's eighth cause of action would certainly fall within this scope as Plaintiff is alleging Defendants failed to properly compensate and/or provide rest periods for employees. (*See* Doc. No. 1, Exh. A at 21.)

The California Supreme Court has found that agreement to arbitrate claims for public injunctive relief under the UCL are not enforceable in California. *Olosoni v. HRD Tax Grp.,* 2019 WL 7576680 at *7 (N.D. Cal. November 5, 2019) (citing *McGill v. Citibank, N.A.,* 2 Cal. 5th 945, (2017)). Such claims are unenforceable where the arbitration agreement prohibits the ability of the plaintiff to seek public injunctive relief. *See McGill,* 2 Cal. 5th at 956 (finding that the arbitration agreement precluded plaintiff from seeking public injunctive relief in any forum which cause the agreement to be unenforceable). Injunctive relief is public where the injunctive relief

has the "primary purposed and effect of prohibiting unlawful acts that threaten future injury to the general public." *Olosoni,* 2019 WL 7576680 at *8 (quoting *Blair v. Rent-A-Center, Inc.,* 928 F.3d 819, 822 (9th Cir. 2019)). Injunctions that directly eliminate the use of deceptive practices, but do not otherwise benefit the plaintiff, who has already been injured by such practice and is aware of the practices, is a public injunction. *Blair,* 928 F.3d at 824. Whereas, private injunctions resolve private disputes between parties and rectify individual wrongs even if they benefit the public. *Id.*

Here, neither party argues that the arbitration agreement prevents Plaintiff from seeking injunctive relief in arbitration. Indeed, the agreement at issue states that, "the arbitrator shall have the same power and authority as would a judge to grant any relief…that a court could grant." (Doc. No. 13-2 Exh. A.) The agreement here does not prevent Plaintiff from seeking his requested relief, unlike *McGill*, where the arbitration agreement was found to be invalid because it prevented the plaintiff from obtaining public injunctive relief from both the courts and through arbitration. *See McGill,* 2 Cal. 5th 945 (finding that the arbitration agreement included a waiver of plaintiff's right to seek public injunctive relief in court and arbitration); *See also Blair,* 928 F.3d 819 (finding *McGill* did not apply because the arbitration agreement did not waive the right to seek the requested relief). As the arbitration agreement, here, does not prevent the requested relief and the claim itself is within the scope of the agreement, the eighth cause of action and its requested relief are arbitrable.

## C.    Plaintiff's Request for Stay Pending Congressional Action on H.R. 963

Plaintiff next requests that the Court stay these proceedings to determine if the U.S. House of Representatives will pass H.R. 963 (the Forced Arbitration Injustice Act). (Doc. No. 14 at 11.) Defendants argue first that the bill is not law and therefore unenforceable, and second, that even if the bill was enacted it would not apply to Plaintiff's claims retroactively. (Doc. No. 16 at 8-9.)

This Court must abide by federal law and cannot make decisions based on pending legislation which may or may not be passed into law. Current federal law and the law in effect when the parties entered the agreement strongly favors arbitration and the enforcement of such agreements. The Court will not recommend a stay of proceedings based on pending legislation.

///

13

**D.    Plaintiff's Request for Sanctions**

Plaintiff requests that Defendants be subjected to both monetary and evidentiary sanctions based on Plaintiff's allegations that Defendants have breached the arbitration agreement pursuant to California Code of Civil Procedure § 1281.99(a). (Doc. No. 14 at 12.) Plaintiff also seeks evidentiary sanctions against Defendants for failing to pay the arbitration fees within 30 days of Plaintiff's demand for arbitration pursuant to California Code of Civil Procedure § 1281.97. (*Id.*)

California Code of Civil Procedure § 1281.97 states:

> "In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration."

California Code of Civil Procedure § 1281.99(a) states:

> "The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of Section 1281.97 or subdivision (a) of Section 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach."

As detailed above, Defendants did not breach the arbitration agreement. Rather, Plaintiff failed to properly file his demand for arbitration with the AAA and pay the required filing fee that would have initiated the arbitration proceedings. Since there was no breach of the arbitration agreement by Defendants, sanctions under §1281.99 would not be appropriate.

**V.    Defendant's Request to Dismiss Action, or in the Alternative to Stay Action.**

Defendants request that matter be dismissed because all of Plaintiff's claims are subject to arbitration. (Doc. No. 13-1 at 24.) Alternatively, Defendants request the matter be stayed if the Court finds that not all of Plaintiff's claims are subject to arbitration. (*Id.*) Where a motion to compel arbitration is granted, 9 U.S.C. § 3 provides that a court shall stay an action pending completion of arbitration. *Johnmohammadi v. Bloomingdale's, Inc.,* 755 F.3d 1073-74 (9th Cir.

14

2014). The Ninth Circuit has held that "notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when [] the court determines that all the claims raised in the action are subject to arbitration." *Johnmohammadi,* 755 F.3d at 1074 (citing *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988)). Here, all of Plaintiff's claims are subject to arbitration, including the FLSA claim in the proposed amended complaint. Therefore, the Court has discretion to either stay this case under 9 U.S.C. § 3 or dismiss the action in its entirety. The Court recommends that the action be dismissed as all of Plaintiff's claims are subject to arbitration.

### V.      Plaintiff's Motion for Leave to Amend the Complaint is Moot.

On April 27, 2021, Plaintiff filed a Motion to File an Amended complaint. (Doc. No. 17.) On May 18, 2021, the Defendants filed their opposition to the Motion to Amend. (Doc. No. 19.) On May 25, 2021, Plaintiff filed his reply to the motion. (Doc. No. 20.)

Plaintiff's motion to amend the complaint shows he intends to add one additional cause of action to the complaint. Plaintiff wishes to add the FLSA claim as his ninth cause of action. However, as discussed above, the FLSA claim would also be subject to arbitration under the arbitration agreement.

The Court is recommending that the Motion to Compel be granted as there is a valid, enforceable arbitration agreement and all claims (including the FLSA claim) are within the scope of the arbitration agreement. Therefore, Plaintiff's motion to amend the complaint is moot, and as such should be DENIED.

### VI.      CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED:

1.   Defendant's motion to compel arbitration (Doc. No. 13.) be GRANTED;

2.   Plaintiff's motion to amend the complaint (Doc. No. 17.) be DENIED as moot;

3.   Plaintiff's request for sanctions (Doc. No. 14 at 12.) be DENIED;

4.   Defendant's request that this matter be dismissed (Doc. No. 13-1 at 18.) be GRANTED;

5. Defendant is to pay the required arbitration fees within fourteen (14) days of adoption

15

of these Findings and Recommendations. Proof that the filing fee has been paid shall be filed within thirty (30) days of adoption of these Findings and Recommendations; and

   6. The Court retain jurisdiction over this matter until Defendants submit proof that the arbitration filing fee has been paid.

   These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **July 1, 2021**                    /s/ *Barbara A. McAuliffe*      _
                                                        UNITED STATES MAGISTRATE JUDGE